Original Copy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

RECEIVED
FEB 05 2008
FEB 05 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

FEB 0 5 2008

United States of America ex rel. )
_Darryl R. Duncan B79384_ )
(Full name and prison number) )
(Include name under which convicted) )
 )
PETITIONER )
 )
vs. )         08CV 777
_Warden Yolande Johnson_ )     JUDGE BUCKLO
(Warden, Superintendent, or authorized )   MAGISTRATE JUDGE KEYS
person having custody of petitioner) )
 )
RESPONDENT, and )
 )
(Fill in the following blank only if judgment )
attacked imposes a sentence to commence )
in the future) )
 )
ATTORNEY GENERAL OF THE STATE OF )    Case Number of State Court Conviction:
_Lisa Madigan_ )    _04CF3749_
(State where judgment entered) )

PETITION FOR WRIT OF HABEAS CORPUS -- PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered: _Lake County Court House, 18 North County St. Waukegan, Illinois 60085_

2. Date of judgment of conviction: _3-12-05_

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
_Possession Of Stolen Motor Vehicle and Aggr. Fleeing Police_

4. Sentence(s) imposed: _9-years_

5. What was your plea? (Check one)   (A) Not guilty   (X)
                                      (B) Guilty       ( )
                                      (C) Nolo contendere ( )

If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details:
_____

## PART 1 -- TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):    Jury ( )    Judge only (X)

2. Did you testify at trial?    YES (X)    NO ( )

3. Did you appeal from the conviction or the sentence imposed? YES (X)  NO ( )

   (A) If you appealed, give the

   (1) Name of court: *Appellate Court of Illinois - Second Judicial District*

   (2) Result: *Affirmed Conviction*

   (3) Date of ruling: *May 18, 2007*

   (4) Issues raised: *#1 Whether the trial Court abused its discretion by not ordering a fitness examination prior to sentencing hearing, in light of defendant's serious mental history etc., #2. Whether the defendant is due 235 days time served.*

   (B) If you did not appeal, explain briefly why not: _____

4. Did you appeal, or seek leave to appeal, to the highest state court?  YES (X)   NO ( )

   (A) If yes, give the

   (1) Result *Affirmed Conviction*

   (2) Date of ruling: *September 26, 2007*

   (3) Issues raised: *#1 Appellate Review Showing "No Probable Cause" to stop or arrest, #2 The defendant's Due Process Rights being violated by Court, 2-A. The Court Erred in finding Petitioner guilty of Aggr. Fleeing, #3. The Courts Erred in denying defendants Motion for Indicative Counsel*

   (B) If no, why not: _____

5. Did you petition the United States Supreme Court for a writ of *certiorari*?  Yes ( )   No (X)

   If yes, give (A) date of petition: _____  (B) date *certiorari* was denied: _____

2

## PART II -- COLLATERAL PROCEEDINGS

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?

   YES (X)   NO ( )

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: Lake County

   B. Date of filing: 3-21-05

   C. Issues raised: I was not put in a positive I.D Line-Up. The Complainant testified it was not me. The forensic evidence shows, the finger prints are No Comparison to mine. After the officer testified, I climbed out of Vehicle without gloves etc.

   D. Did you receive an evidentiary hearing on your petition?   YES (X)   NO ( )

   E. What was the court's ruling? Denied

   F. Date of court's ruling: 5-26-05

   G. Did you appeal from the ruling on your petition?   YES (X)   NO ( )

   H. (a) If yes,   (1) what was the result? No Results

      (2) date of decision: No Results

   (b) If no, explain briefly why not: Appellate Attorney filed a Finley Motion to withdraw and advised plaintiff to withdraw, showing ineffective Counsel

   I. Did you appeal, or seek leave to appeal this decision to the highest state court?

      YES ( )   NO (X)

      (a) If yes,   (1) what was the result? ——

         (2) date of decision: ——

      (b) If no, explain briefly why not: Was advised not to by Attorney due to the fact counsel was going to raise issues in his Direct Brief ye the did not

3

Part II. Collateral Proceedings:

2. With respect to this conviction or sentence, have you filed a post-conviction petition in state Court? Yes
With respect to each post-conviction petition give the following information:
A. Name of Court: Lake County
B. Date of filing: 12-26-06
C. Issues raised: The fact that the evidence shows two different vehicles; The finger prints are No Comparison after forensic test; the complainant states that it was not the plaintiff; The person that was in exclusive possession did not come to trial and was not arrested for possession of the stolen vehicle; The uniformed ticket was not signed by a complainant to prevent perjury; The fact that the plaintiff had ineffective counsel and the fact about the plaintiff's mental history and how he was taken to trial without a mental evaluation before trial when the record clearly shows a mental history.
D. Did you receive an evidentiary hearing on your petition? No
E. What was the court's ruling? Denied
F. Date of court's ruling? January 7, 2007
G. Did you appeal from the ruling on your petition? Yes
H. a. If yes, #1. What was the result? No Results, Appellate Attorney filed a "Finley Motion" to withdraw as counsel.
   #2 Date of Decision: January 18, 2008
   b. If no explain briefly why not: Appellate Attorney filed a Finley Motion to withdraw as counsel because the plaintiff failed to file and/or ask for permission to file a Second Post-Conviction.
I. Did you appeal or seek leave to appeal this decision to the highest state Court? No
   a. If yes, #1. What was the result? None
      #2 Date of Decision: None
   b. If no explain briefly why not: I have been threatened by the Appellate Defenders Office, stating that if I keep filing the State's Attorney will take my Good Time 6 months, even though, I have merit in my claim, yet they fail to file because they are a part of this malicious prosecution. I have a mental history and I'm indigent. Not to mention, I'm getting ineffective counsel and improper reviews from the courts.



2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?   YES ( )   NO (X)

   A. If yes, give the following information with respect to each proceeding (use separate sheets if necessary):

      1. Nature of proceeding      _____

      2. Date petition filed       _____

      3. Ruling on the petition    _____

      3. Date of ruling            _____

      4. If you appealed, what was
         the ruling on appeal?     _____

      5. Date of ruling on appeal  _____

      6. If there was a further appeal,
         what was the ruling?      _____

      7. Date of ruling on appeal  _____

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**?   YES (X)   NO ( )

   A. If yes, give name of court, case title and case number: U.S. District Court Northern District Of Illinois - U.S. ex rel Darryl R. Duncan B28384V, Warden Fedus et.al, #05C4106

   B. Did the court rule on your petition? If so, state
      (1) Ruling: Dismissed Without Prejudice
      (2) Date:   8-2-05

4. WITH RESPECT TO THIS CONVICTION OR SENTENCE, ARE THERE LEGAL PROCEEDINGS PENDING IN ANY COURT, OTHER THAN THIS PETITION?

YES ( )   NO (X)

If yes, explain: _____



## PART III – PETITIONER'S CLAIMS

1. State <u>briefly</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

**BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

(A) Ground one *The evidence clearly shows Two different vehicles*
Supporting facts (tell your story briefly without citing cases or law):

The "Models" of vans are different and only one Vin number is reported. The van that was reported stolen on 10-8-04 is a "1990, Ford-Model-350, showing license plate and vin number. The alleged recovered stolen vehicle is reported as a "1990, Ford-Model-150 Econoline, showing same plate number and also vin number, date recovered was 10-9-04. The plaintiff was on trial for being in possession of a stolen vehicle "1990 Ford Model 350", not a "150 Econoline" and/or both vehicles; see exhibit-A

(B) Ground two *The Forensic Evidence show No Comparison of Finger Prints*
Supporting facts:

On March 17, 2005 a officer Rinaldi got on the witness stand and stated that the plaintiff allegedly climbed over the passenger seat and then climbed out on the top of said stolen van without any gloves on yet this officer did not know that the forensic test show that the prints are not his, showing; "No Probable Cause" and making this a "Prima Facie Issue." see exhibit-A and Trial Transcripts.

➡ 6

(C) Ground three  The plaintiff's license are revoked yet he wasn't in vehicle
Supporting facts:

The plaintiff's license are revoked yet his finger prints show he was not in the said vehicle, The police report shows that the plaintiff was picked-up 250 feet away; and the evidence shows two different vehicles. Not to mention the fact that the plaintiff was not put in a positive I.D. Line-up; see exhibits B, C.

(D) Ground four  The state put two witnesses on witness stand who's names
Supporting facts:  where not on the list.

On March 17, 2005, The State put a Ms. Donovan and a Ms. Rogers on the witness stand to testify when there names did not appear on the list. This is not a legal thing to do at trial, because! The defendant at the time is to receive a list of witnesses in order to prepare for trial; see witness list. Also a Ms. Rogers did testify Duncan was not the criminal, this is the Complainant!?

2. Have all grounds raised in this petition been presented to the highest court having jurisdiction?
   YES (X)   NO ( )

3. If you answered "NO" to question (16), state briefly what grounds were not so presented and why not:

See Attached Page #8, Showing more Grounds, E, F, and G.

#7

## Part III Petitioner's Claims

E. **Ground Five:** The Indictment lacks necessary certainty to charge offense. The indictment alleged that the plaintiff was in possession of a stolen vehicle, yet if you review the police report attached as exhibit C it clearly shows that a Diane Dixon Wise was the one with exclusive possession yet her name is not on the indictment. It does not state the "model" or the V.I.N. number, nor was she arrested nor did she come to trial. Not to mention the year of the said vehicle, yet the indictment does show a Illinois license plate number that state in the indictment was registered. Now if you review the police report, it states that defendant Duncan was given a ticket for driving the alleged stolen vehicle without a proper registration. See exhibits C, D-1 and D-2.

F. **Ground Six:** They was no probable cause to stop or arrest plaintiff. The officer that arrested the defendant had no description of who his co-workers were chasing, yet he did not make a police report at all. Nor did officer Lawrence come to trial to testify why he placed Duncan under arrest. See exhibit C.

G. **Ground Seven:** The State's Appointed Counsel was ineffective. The Appellate Defender and/or The Public Defender failed to bring up the fact that the vehicle are two different vehicle. The States Attorney's failed to show that the plaintiff was lied on in court. The State Appointed Counsel is very ineffective and show a failure of due process. And according to the Thirty Second Annual Review of criminal procedure Improper Consideration indetermining sentence 2074 see; U.S. v Pugliese 805 F.2b, 1c7, 1124-2d C.r 1986 due process requires that defendant not be sentenced based on materially untrue assumptions or misinformation meaning the defendant was lied on and had ineffective counsel that failed to present the case properly to the court. And he should not be hold any further. Also if you review the courts mittimus that states 235 day and then review the Lake County Jail Calculation that show 242 day and states at the top that 242 days should show on Court Mittimus. The plaintiff has showed this issue to Appellate Attorney to no avail proving ineffective counsel not to mention improper review from both the Circuit Court and the Appellate Court see all exhibit and Trial Transcripts and issue an order demanding Plaintiff's Release.

8

## PART IV -- REPRESENTATION

Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (A)  At preliminary hearing _Indicted_

    (B)  At arraignment and plea _Ian Kasper - Public Defender Office 15 S. County St, Waukegan Ill. 60085_

    (C)  At trial _Ian Kasper - Public Defender Office 15 S. County St, Waukegan, Ill. 60085_

    (D)  At sentencing _Ian Kasper - Public Defender Office 15 S. County St, Waukegan, Ill. 60085_

    (E)  On appeal _Paul A. Rogers - Appellate Defender Office 2010 Larkin, Elgin, Ill. 60123_

    (F)  In any post-conviction proceeding _Filed Finley to withdraw_

    (G)  Other (state): _____

## PART V -- FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

YES ( )  NO (X)

Name and location of the court which imposed the sentence: _____

Date and length of sentence to be served in the future _____

    WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: _1-31-08_
          (Date)                                Signature of attorney (if any)

REVISED 01/01/2001

I declare under penalty of perjury that the foregoing is true and correct.

_(Signature of petitioner)_
_B79384_
(I.D. Number)
_6695 State Route #146 East_
(Address)
_Vienna, Illinois_
_62995_

_618-658-8371_


9

```
                                                      Date 12/08/2005
                                                      Page:           2
   Case Description:                                  Case Number: 2004-00063963
   Stolen Auto in Progress/Report

      Bin Loc . . . :              Disposition . :

      Vehicle Year: 1990     Description:
      Make . . . : Ford      Model : F350          Style . : Van
      Color Top . : BLUE STEEL  Bottom:            Interior:
      License # . : 20411CV   State :   IL         Expires :
      Serial #/VIN: 1FTDE14Y1LHA86014    OAN . . :
```

NARRATIVE OCT 08 2004 14:22
Case # 200400063963 created By: POULOST - on: 10/08/2004 2:22:52 PM


On 10/08/04 I was dispatched to 2360 14TH st in reference to a stolen auto report. Upon arrival I spoke to Jordan Johnson. Mr. Johnson told me that he works for Habitat for Humanity and that his company van, previously described, was stolen from the driveway of the home he was working on. He said the keys were in the unlocked van and that it was stolen between 1220 and 1230 pm. Mr. Johnson said that no one else had permission to take the van. He said that only 3 workers were working today and they were all on location.


SUPPLEMENTAL NARRATIVE OCT 09 2004 10:57
Case # 200400063963 created By: FURLOWR - on: 10/09/2004 10:57:11 AM


E.T. REPORT

LOCATION : GLENROCK AVE / MELROSE AVE ( BIKE-TRAIL )

REFERENCE: RECOVERED / STOLEN AUTO

VICTIM : HABITAT FOR HUMANITY OF LAKE COUNTY


OFFICER WENT TO THE ABOVE LOCATION , IN REGARDS TO A RECOVERED STOLEN AUTO .

OFFICER TOOK EIGHT DIGITAL PHOTOS AT THE SCENE, THEN DUSTED A BLUE 1990 FORD / ECONOLINE 150 VAN BEARING IL / PLATES OF 20411CV FOR LATENT FINGERPRINTS WITH A NEGATIVE RESULT OF ANY COMPARISON.

OFFICER LOCATED NO OTHER EVIDENCE ABOUT THE SCENE FOR COLLECTION.

*[handwritten annotation: Note! No Gloves]*

*[handwritten annotation: Exhibit #A]*



## OFFICE OF THE SECRETARY OF STATE  06015301414

JESSE WHITE • Secretary of State

August 18, 2006

Re: D525-1768-4080

Darryl R. Duncan B79384
East Moline Correctional Center
100 Hillcrest Rd.
East Moline, IL 61244

Dear Mr. Duncan,

This office is in receipt of your correspondence and the following information is being provided.

To remove the entry posted on your driving record, you must contact the proper court and furnish this office with certified evidence (Notice of Failure to Pay Fines Receipt) from the court indicating that the traffic ticket(s) listed below were paid in full.

| Ticket Number | Arrest Date | County | Location | Telephone |
|---|---|---|---|---|
| 511441 | 10-26-02 | Lake | Waukegan | (847) 377-3239 |
| 91863 | 11-05-02 | Lake | Waukegan | (847) 377-3239 |
| 232732 | 09-24-02 | Lake | Waukegan | (847) 377-3239 |
| 3749 | 10-09-04 | Lake | Waukegan | (847) 377-3239 |
| 249732 | 10-09-04 | Lake | Waukegan | (847) 377-3239 |

Your drivers license and driving privileges are revoked. It will be necessary for you to contact the Administrative Hearing Department to apply for a Restricted Driving Permit or reinstatement of full driving privileges. Please refer to the enclosed leaflet for instructions.

Sincerely,

*Mary H. Bandy*

Mary H. Bandy, Supervisor
Reinstatement Review Unit
Traffic Violations Section

MHB:jag
Enc: Hearing leaflet

*Exhibit B*

2701 South Dirksen Parkway
Springfield, Illinois 62723

10/20/2004　　　　　　　　　　　　　　　　　　　　　POLICE 2:17:31　　　　　　　　　　　　　　　　　PAGE　05

Wednesday, October 20, 2004

## North Chicago Police Department

Page Number　1

Description　UNLAW POS STOLEN VEH/AGG ASSAULT/RINALDI #50

Case#: 04-029510

Date Entered  11:18:28 AM, 10/20/2004 User CECCLA

Narrative

ON 10/09/04 I OFFICER RINALDI #50 WAS SENT TO RTE 137 TO FIND A COMPLAINANT WHO WAS FOLLOWING THEIR STOLEN BLUE WORK VAN IL LIC # 20411CV. I ARRIVED AND SAW A BLUE WORK VAN EXITING THE MOBIL AT GREENBAY RD & RTE 137 AND HEAD (S) ON RTE 137. I ACTIVATED MY EMERGENCY LIGHTS AND SIREN AS DID OFFICER TRIPLETT, IN OUR MARKED SQUAD CARS. I PULLED IN FRONT OF THE VAN AS IT WAS STOPPED AT A RED LIGHT AT RTE 137 AND GREAT LAKES DR IN THE LEFT TURN LANE, WITH THE MATCHING IL LIC 20411 CV.

OFFICER TRIPLETT PULLED BEHIND THE VAN. I EXITED MY SQUAD AND THE DRIVER OF THE VAN I REMEMBERED AS:
　　DUNCAN , DARRYL R B/M
　　DOB :3/18/64
　　2642 KENNEDY DR
　　N. CHICAGO
AS I JUST TOOK HIM TO BOND COURT LAST WEEK. DUNCAN THEN STEPPED ON THE GASS AND ALMOST HIT ME BUT I WAS ABLE TO JUMP ONTP THE HOOD OF MY SQUAD AND GET OUT OF THE WAY. DUNCAN THEN PUT THE VAN IN REVERSE AND TRIED TO RAM OFFICER TRIPPLETT'S SQUAD. DUNCAN THEN WENT FORWARD OVER THE MEDIAN AND DID A U TURN THROUGH THE RED LIGHT AND LEADED (L) ON RTE 137. DUNCAN RAN THE RED LIGHT AT GREEN BAY AT A HIGH RATE OF SPEED AND THEN TURNED (N) ON LEWIS FROM RTE 137 TURNING LEFT THROUGH A RED LIGHT. DUNCAN RAN THE STOP SIGN AT 24TH & LEWIS AT A HIGH RATE OF SPEED CONTINUING (N) THROUGH THE RED LIGHT AT ARGONNE SEEMINGLY WITH NO REGARD FO RTHE SAFETY OF THE 20+ PEDESTRIANS CROSSING LEWIS TO TAKE THERE KIDS TO FOOTBALL, MAKING THEM RUN AND JUMP INTO THE GRASS FOR SAFETY. DUNCAN RAN THE RED LIGHT AT 10TH & LEWIS AND AT BELVIDERE AND LEWIS TURNING RIGHT HEADING (E) ON BELVIDERE NARROWLY MISSING SEVERAL CARS. DUNCAN CONTINUED AT A HIGH RATE OF SPEED CUTTING THROUGH A GAS STATION ON THE CORNER OF GLEN ROCK AND BELVIDERE TURNING LEFT AND HEADING (N) ON GLEN ROCK NARROWLY MISSING 2 PEOPLE IN THE PARKING LOT OF THE GAS STATION SEEMINGLY THERE TO GET GAS.

DUNCAN TURNED LEFT ONTO THE ROBERT MCCRORY BIKE PATH ALMOST HITTING A MAN ON A BICYCLE. DUNCAN THEN MADE A U-TURN THROUGH THE GRASS AND PULLED THE VAN NEXT TO A CHAIN LINK TOPPED WITH BARBED WIRE. DUNCAN JUMPED OUT OF THE VAN CLIMBED ONTO ITS ROOF, JUMPED THE FENCE AND RAN (W). I RAN TO THE VAN PUT THE GEAR SELECTOR IN PARK CLIMBED ONTO THE ROOF OF THE VAN JUMPED THE FENCE AND FOLLOWED DUNCAN. DUNCAN WAS LATER APPREHENDED BY OFFICER LAWRENCE 250 FEET (W) OF MY LOCATION WHICH WAS 150 FEET (W) OF THE VAN. THE VAN WAS TAKEN OVER BY WAUKGAN PD AS IT WA STOLEN OUT OF THEIR CITY. A FEMALE IDED AS:
　　DIXON-WISE, DIANE B/F
　　DOB: 4/27/63
　　223 BELVIDERE
　　WAUKEGAN WAS A PASSENGER IN THE VAN. DIXON-WISE PROVIDED A VOLUNTARY STATEMENT AND WAS RELEASED. DUNCAN WAS TRANSPORTED TO NCPD BOOKED, CHARGED WITH AGGRAVATED ASSAULT, AGGRAVATED FLEEING & ELUDING, UNLAWFUL POSESSION OF A STOLEN VEHICLE, RESISTING, OBSTRUCTIN, DRIVING SUSPENDED, NO PROOF INSURANCE, NO SEAT BELT, EXPIRED REGISTRATION, SUSPENDED REGISTRATIO. DUNCAN WAS HELD FOR BOND COURT. I CLEARED TAKING NO FURTHER ACTION.

RINALDI, ROBERT #50

Officer Signature (X) _____



STATE OF ILLINOIS     )
                      ) SS   GENERAL NO. 04 CF 3749
COUNTY OF LAKE        )

**DCN#: L38831728**
OF THE AUGUST 2004 TERM OF THE CIRCUIT COURT
OF THE NINETEENTH JUDICIAL CIRCUIT COURT OF THE
COUNTY OF LAKE IN THE STATE OF ILLINOIS

Count 1. That the Grand Jurors chosen, selected and sworn, in and for the County of Lake, in the State of Illinois, having been duly recalled, in the name and by authority of the People of the State of Illinois, upon their oaths present that **DARRYL R. DUNCAN, DOB: 3/18/64**, hereinafter called the defendant, on or about OCTOBER 9, 2004, in the County of Lake and State of Illinois, committed the offense of **UNLAWFUL POSSESSION OF STOLEN VEHICLE**, in that the said defendant, a person not entitled to possession of said vehicle, possessed a Blue van of Habitat for Humanity with an Illinois registration number of 20411CV, knowing it to have been stolen, in violation of 625 ILCS 5/4-103(a)(1) contrary to the form of the Statutes in such case made and provided, and against the peace and dignity of the People of the State of Illinois.

FILED

NOV -3 2004

Exhibit # D
1 of 2

C000014

Count 2. That the Grand Jurors chosen, selected and sworn, in and for the County of Lake, in the State of Illinois, having been duly recalled, in the name and by authority of the People of the State of Illinois, upon their oaths present that **DARRYL R. DUNCAN, DOB: 3/18/64**, hereinafter called the defendant, on or about OCTOBER 9, 2004, in the County of Lake and State of Illinois, committed the offense of **AGGRAVATED FLEEING A POLICE OFFICER**, in that the said defendant, the driver of a motor vehicle, after being given a visual and audible signals to bring his vehicle to a stop by Officer Rinaldi, a peace officer, attempted to elude Officer Rinaldi, and in so doing, failed to yield to at least two separate traffic control devices, in violation of 625 ILCS 5/11-204.1(a)(4) contrary to the form of the Statutes in such case made and provided, and against the peace and dignity of the People of the State of Illinois.

A TRUE BILL

_____
FOREPERSON

Exhibit #D
2 of 2

IN THE CIRCUIT COURT OF NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
vs. )  Case No. __04CF3749__
Darryl R. Duncan  B79534 )
Defendant )

Date of Sentence __May 31, 2005__
Date of Birth __March 18, 1964__
(Defendant)

Date of Birth _____
(Victim)

## AMENDED
## JUDGMENT - SENTENCE TO ILLINOIS DEPARTMENT OF CORRECTIONS

WHEREAS the above-named defendant has been adjudged guilty of the offenses enumerated below.

IT IS THEREFORE ORDERED that the defendant be and hereby is sentenced to confinement in the Illinois Department of Corrections for the term of years and months specified for each offense.

| COUNT | DATE OF OFFENSE | STATUTORY OFFENSE | CITATION | CLASS | SENTENCE | MSR |
|---|---|---|---|---|---|---|
| 1 | Oct. 9, 2004 | Unlawful Possession of Stolen Vehicle | 625 ILCS 5/4-103(a)(1) | 2 | 9 Yrs __ Mo __ Yr | |

and said sentence shall run (☐ concurrent with)(☐ consecutive to) the sentence imposed on: _____

_____ Yrs ___ Mo ___ Yr
and said sentence shall run (☐ concurrent with)(☐ consecutive to) the sentence imposed on: _____

_____ Yrs ___ Mo ___ Yr
and said sentence shall run (☐ concurrent with)(☐ consecutive to) the sentence imposed on: _____

FILED NOV 21 2007 CIRCUIT CLERK

_____ Yrs ___ Mo ___ Yr
and said sentence shall run (☐ concurrent with)(☐ consecutive to) the sentence imposed on: _____

The Court finds that the defendant is:

☐ Convicted of a class _____ offense but sentenced as a **Class X** offender pursuant to 730 ILCS 5/5-5-3(c)(8).

☒ The Court further finds that the defendant is entitled to receive credit for time actually served in custody (of __235__ days as of the date of this order) from (specify dates) _____

☐ The Court further finds that the conduct leading to conviction for the offenses enumerated in counts _____ resulted in **great bodily harm** to the victim. (730 ILCS 5/3-6-3(a)(2)(iii)).

☐ The Court further finds that the defendant meets the eligibility requirements and is approved for placement in the **Impact Incarceration** program. If the Department accepts the defendant and determines that the defendant has successfully completed the program, the sentence shall be reduced to time considered served upon certification to the Court by the Department that the defendant has successfully completed the program. Written consent is attached.

☐ The Court further finds that offense was committed as a result of the use of, abuse of, or addiction to alcohol or a controlled substance.

☐ IT IS FURTHER ORDERED that the sentence(s) imposed on count(s) _____ be (☐ concurrent with) (☐ consecutive to) the sentence imposed in case number _____ in the Circuit Court of _____ County.

☐ IT IS FURTHER ORDERED that the defendant serve  ☐ 85%  ☐ 100% of said sentence as to count(s) _____.
IT IS FURTHER ORDERED that the Clerk of the Court deliver a certified copy of this order to the Sheriff.

☒ IT IS FURTHER ORDERED that the Sheriff take the defendant into custody and deliver him to the Department of Corrections which shall confine said defendant until expiration of his sentence or until he is otherwise released by operation of law.

☒ IT IS FURTHER ORDERED that __Defendant shall receive (235) days credit for time served. Defendant shall receive good time credit as administered by the Department of Corrections.__

This order is (☒ effective immediately) (☐ stayed until _____)

DATE: __November 21, 2007__

ENTER: _/s/ Victoria A. Rossetti_
Victoria A. Rossetti
(PLEASE PRINT JUDGE'S NAME HERE)

Form approved by the Conference of Chief Judges
Effective March 18, 2005

171-39C4 (04/05)

Exhibit E

## LAKE COUNTY SHERIFF'S DEPARTMENT
## LAKE COUNTY, IL

**DEFENDANT:** DARRYL DUNCAN
**CASE NUMBER:** 04CF3749

THIS IS TO CERTIFY THAT ON **6/8/05**, THE AFOREMENTIONED DEFENDANT WAS, PURSUANT TO MITTIMUS, TRANSFERRED TO THE ILLINOIS DEPARTMENT OF CORRECTIONS:

X  **DIAGNOSTIC CENTER**
**IDOC - STATESVILLE**
**CORRECTIONAL CENTER**
**ROUTE 53 PO BOX 112**
**JOLIET, IL 60434**

**DWIGHT CORRECTIONAL**
**ROUTE 17 WEST**
**P.O. BOX 5001**
**DWIGHT, IL 60420**

**VANDALIA CC**
**VANDALIA, IL**

**CHESTER MENTAL HEALTH**
**P.O. BOX 31**
**CHESTER, IL 62233**

**ST. CHARLES**
**YOUTH DETENTION**

**OTHER**

AS OF THE DATE THE DEFENDANT WAS TRANSFERRED TO THE CUSTODY OF THE ILLINOIS DEPARTMENT OF CORRECTIONS (IDOC), HE HAD BEEN IN CUSTODY OF THE LAKE COUNTY SHERIFF'S DEPARTMENT/JAIL DIVISION SINCE HIS INITIAL ARREST. THE COMPUTATION OF THE DAYS OF CUSTODY WITH THE JAIL ARE AS FOLLOWS:

| DATE BOOKED IN | DATE RELEASED | TOTAL DAYS HELD |
|---|---|---|
| 10/10/05 | 6/8/05 | 242 |
|  |  | 0 |
|  |  | 0 |
|  |  | 0 |

**TOTAL DAY IN CUSTODY** — 242

*[signature]*
SERGEANT OF CORRECTIONS

*Exhibit F*

U:\Jail\Secretary\DOC Shipments\DOC Merge Sheet - MALE.docLake County06/07/05

**SINGLE OR CONCURRENT DETERMINATE SENTENCES UNDER 1978 LAW AND JAIL CREDIT**

NAME _Munson, Dwight_  NUMBER _B 79384_  DATE _12/11/07_

**(STEP 1) (A)**

Yr. Mo. Day

- _____ (Rel. on Bond, Etc.)
  _____ (Arrest Date)
  _____ (Jail Credits)
+ _____1_ (Add 1 Day)
  _____ (Jail Credits)

**STEP 1) (B)**

Yr. Mo. Day

- _____ (Rel. on Bond, Etc.)
  _____ (Arrest Date)
  _____ (Jail Credits)
+ _____1_ (Add 1 Day)
  _____ (Jail Credits)

**(STEP 1) (C)**

Yr. Mo. Day

- _____ (Rel. on Bond, Etc.)
  _____ (Arrest Date)
  _____ (Jail Credits)
+ _____1_ (Add 1 Day)
  _____ (Jail Credits)

**(STEP 1) (D)**

Yr. Mo. Day

- _____ (Rel. on Bond, Etc.)
  _____ (Arrest Date)
  _____ (Jail Credits)
+ _____1_ (Add 1 Day)
  _____ (Jail Credits)

**(STEP 2)**

Yr. Mo. Day

+ _285 days_ (Jail Credits-A)
+ _____ (Jail Credits-B)
+ _____ (Jail Credits-C)
+ _____ (Jail Credits-D)
  _____ (Total Jail Credits)

**(STEP 3)**

Yr. Mo. Day

  05   5   31   (Old Custody/Sentence Date)
-      7   25   (Total Jail Credits) _285 days_
  04  -10  - 6  (New Custody Date)

**(STEP 4)** MITTIMUS NO. _04CR6748_

PROJECTED OUT DATE

Yr. Mo. Day

  04   10   6   (New Custody Date)
+       4   6   (Sentence Less GCC) _2yrs/CL2_
  2009 - 4 - 6  (Projected Out Date)
+ or -       6  (Previous Time Lost/Awarded) _50/50_
  08  - 10 - 6  (Adj.Proj.Out Date)

**(STEP 5)**

MANDATORY OUT DATE

Yr. Mo. Day

  04   10   6   (New Custody Date)
+        9      (Sentence)
  2013 - 10 - 6 (Mandatory OutDate)

Adj. Proj. Out Date _10/6/08_     Terminal Operator _____
Mandatory Out Date _10/6/2013_    Date Entered _____
Calculated By _____

DC 1321 (Rev 10/96 )
IL 426-00521

Exhibit G

SINGLE OR CONCURRENT DE[ ]TE SENTENCES UNDER 1978 LAW AND JAIL CREDIT        DC 13

NAME _Darryl [illegible]_    NUMBER _B79384_    DATE _1-18-08_

**(STEP 1) (A)**                                **(STEP 2)**

Yr. Mo. Day                                    Yr. Mo. Day

− _____ (Rel. on Bond, Etc.)           + _____ (Jail Credits-A)
                  (Arrest Date)                 + _____ (Jail Credits-B)
  _____ (Jail Credits)                 + _____ (Jail Credits-C)
+         1       (Add 1 Day)                   + _____ (Jail Credits-D)
  _____ (Jail Credits)                   _____ (Total Jail Credits)

**STEP 1) (B)**                                 **(STEP 3)**

Yr. Mo. Day                                    Yr. Mo. Day     235 days
                                                05  5  31
− _____ (Rel. on Bond, Etc.)                          (Old Custody/
                  (Arrest Date)                  −  7  25      Sentence Date)
  _____ (Jail Credits)                                (Total Jail Credits)
+         1       (Add 1 Day)                    04  10  6     (New Custody Date)
  _____ (Jail Credits)

**(STEP 1) (C)**                                **(STEP 4)** MITTIMUS NO. _[illegible]_

Yr. Mo. Day                                    PROJECTED OUT DATE

− _____ (Rel. on Bond, Etc.)           Yr. Mo. Day
                  (Arrest Date)                 04  10  6     (New Custody Date)
  _____ (Jail Credits)                 +    4   6    (Sentence Less GCC)
+         1       (Add 1 Day)                   09   4   6    (Projected Out Date)
  _____ (Jail Credits)                 + or −    6   (Previous Time Lost/Awarded)
                                                08  10  6     (Adj. Proj. Out Date)

**(STEP 1) (D)**                                **(STEP 5)**

Yr. Mo. Day                                    MANDATORY OUT DATE

− _____ (Rel. on Bond, Etc.)           Yr. Mo. Day
                  (Arrest Date)                 04  10  6     (New Custody Date)
  _____ (Jail Credits)                 +    9        (Sentence)
+         1       (Add 1 Day)                   13  10  6     (Mandatory OutDate)
  _____ (Jail Credits)

Adj. Proj. Out Date _10-6-08_          Terminal Operator _____
Mandatory Out Date _10-6-13_           Date Entered _____
Calculated By _____

DC 1321 (Rev 10/96)
IL 426-00521

Exhibit H

# NON-TRAFFIC COMPLAINT AND NOTICE TO APPEAR
## North Chicago Police Department

| Court Case Number | Agency Report Number | DCN |
|---|---|---|
| | 024516 | C388 31708 |

State of Illinois, County of **Lake**   No. NC00002237
City/Village of **North Chicago**

IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT LAKE COUNTY, ILLINOIS

[X] People - State of Illinois  [ ] City/Village of   North Chicago, Illinois   VS.

**DEFENDANT**

- Name (Last, First, Middle): Duncan, Darryl R.
- Alias: [ ]
- Date of Birth: 3-18-64
- Street Address: 2649 Kennedy Dr.
- City: North Chicago
- State: IL
- Zip Code: 60064
- Gender: [X] Male [ ] Female
- Race: blk
- Height: 6-3
- Weight: 140
- Hair: blk
- Eye: bro
- Social Security Number: 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
- Drivers License Number: D525-1766-1080
- State: IL
- SID Number: IL 55339670
- FBI Number: 705993DA5
- Phone Number: 578-1591

THE UNDERSIGNED STATES THAT ON Date 10-9-04 Time 458A

The Defendant did unlawfully commit the following offense: (Offense Title)
**Aggravated Assault**

Narration: (Describe Offense)
in that the above named defendant did knowingly and illegally tried to hit officer Rinoldi #50 a uniformed Police Officer, with a stolen van that the said defendant was driving.

In Violation of: [X] ILCS [ ] Local Ordinance
- Chapter: 720
- Act: 5
- Sec: 12-2(a)(15)

Location of Offense: Rte 137 & Great Lakes Dr

Location of Court: 
Court Date:    Time:   [ ] You Must Appear in Court on the date and time indicated

**BOND**
[ ] Notice to Appear  [ ] Full [ ] 10% Cash Bond Taken  [ ] Personal Recognizance Bond

$ Bond

Notice: The Court may issue a warrant for the arrest of any Defendant who has failed to appear and answer an arrest ticket duly served upon him and upon which a complaint has been filed.

Under Penalties as provided by law for false certification pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure and Perjury, the undersigned certifies that the statements set forth in the instrument are true and correct.

Signature of Complainant / Signature of Officer / Badge No. #50 / Date 10-9-04

Exhibit I