# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 777 | **DATE** | 4/24/08 |
| **CASE TITLE** | U.S. ex rel. Darryl R. Duncan # B79384 v. Johnson | | |

**DOCKET ENTRY TEXT:**

    Petitioner's motion for leave to file in forma pauperis is denied.[3]  If petitioner does not pay the $5 filing fee by May 30, 2008, the court shall enter judgment dismissing this case.  Petitioner's motion for appointment of counsel is denied without prejudice. [4] Petitioner must show cause why his petition should not be dismissed for failure to exhaust his state court appeals. He must comply with all terms of this order by May 30, 2008. Failure to do so will result in dismissal without prejudice. The clerk shall send a copy of this order to the trust account officer at Vienna Correctional Center. Respondent Lisa Madigan is dismissed.

■[ For further details see text below.]
Docketing to mail notices.

## STATEMENT

    Petitioner's motion for leave to file *in forma pauperis* is denied for lack of a sufficient showing of indigence.  Petitioner's financial affidavit reveals that he has $52.36 in his inmate trust account, which was transferred from the prior prison where he was detained. Although he failed to submit a six- month record of his inmate trust account from that institution, nevertheless, with this amount transferred from the prior institution, the court can determine whether or not he qualifies as a pauper for purposes of filing this lawsuit.  Because petitioner is a prisoner for whom the state provides the necessities of life, such assets do not qualify him for pauper status.  *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980).  Petitioner is financially able to pay the $5 filing fee for a habeas corpus petition and must do so if he wishes to proceed with this action.  He may pay by check or money order made payable to Clerk, United States District Court.  If petitioner does not pay the filing fee by May 30, 2008, the court shall enter judgment dismissing this case.  *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).
    Petitioner's motion for appointment of counsel is denied at this  time as premature.  Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require.  *See* Rule 8, Rules Governing Section 2254 Cases.  Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider respondent's answer to the petition.
    Finally, once again petitioner has submitted a petition to this court, where it appears that he has failed to exhaust his state court remedies prior to filing. (See this court's prior order , dated 10/31/05,  in 05 C 4013.) In the instant case, he states that he filed a post-conviction proceeding in state court on March 21, 2005, but so far has "no results", and therefore, he also has not appealed that matter to the state's highest court. He should explain to the court why this petition should not be dismissed for failure to complete the state appellate process on his post-conviction matter and what remains pending in his appellate case in Lake County.  He submitted several exhibits to his petition but nothing about his exhaustion of state court remedies.
    The Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined).  Rules 2(a) and (b) of Rules Governing Section 2254 Cases.

| | Courtroom Deputy Initials: | ste |
|---|---|---|