M H W

Case No: 08C777

In The United States District Court
Northern District Of Illinois

FILED
5-21-2008
MAY 2 1 2008  MB

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

Darryl R. Duncan
        Plaintiff - Appellant

v.

Warden Johnson
        Defendant - Appellee.

08CV777

Appeal From The Circuit Court For The 19th
Judicial Circuit, Lake County, Illinois

and

The Appellate Court Of Illinois
Second Judicial District

and

The Illinois Supreme Court Of Appeals

"Memorandum In Response To Why Petition For Writ Of
Habeas Corpus Shouldn't Be Dismissed"

Darryl R. Duncan B79384
        Pro se.
6695 State Route #146 East
Vienna, Illinois, 62995
Telephone No: 618-658-8371
The Plaintiff Appellant is Pro se.
Seeking Appointment Of Counsel
and Requesting An Oral Argument.

# Table Of Contents:

| | |
|---|---|
| Table Of Contents | 1 |
| Points Relied Upon For Review | 2 |
| Jurisdictional Statement | 3 |
| Opinion And Proceedings Below | 4 |
| Issues Presented For Review | 5 |
| Statement Of Facts | 5,6,7 |
| Argument | 8 |
| 1. Appellate Review Showing "No Probable Cause For Stop or Arrest | 8 |
| 2. The Courts Erred In It's Derection The Petitioner's Due Process Rights And Sentencing | 9,10,11 |
| A. The Courts Erred In Finding The Petitioner Guilty Of Aggravated Fleeing And Eluding The Police Due To Absence Of Sentence. | 11,12,13 |
| 3. The Courts Erred In Denying The Petitioner's Motion for Appointment Of Counsel Other Then Appellate Defenders Office And The Public Defenders Office - "Ineffective Counsel" | 14,15,16,17,18 |

## Index Of Appendices:

Appendix- A: Decision Of The Illinois Supreme Court, denying appeal - 1 of 1
Appendix- B: Decision Of The Second Judicial District Court, denying appeal, Supplemental briefAnd Facts 1 of 4
Appendix- C: Decision Of the state's Circuit Court, - 1 of 1
Appendix- D: States Trial witness list - 1 of 2
Appendix- E: Police Reports - 1 of 2
Appendix- F: Pirtures showing Evidence - 1 of 3
Appendix- G: Indictment - 1 of 2
Appendix- H: Showing Of Petitioner's Mental History - 1 of 1
Appendix- I: Circuit Courts Order On Post Conviction - 1 of 3
Appendix- J: Memorandum Of Law    1 of 1

## Points Relied Upon For Reversal

### 1. Cases:

Terry v. Ohio, cited as 273 Ill. Dec. 179 (Ill. App. 3 Dist. 2003) — 8
Jones v. Village Park 815 F. Supp. 249 — 9
Maclin v. Freake cited as 650 F. 2d 885 (1981) — 18
People v. Heard 1926,471 Ill. 2d, 501, 505 266 N.E. 2d 340, 343 — 11
People v. Malone 5th Dist 1971, Ill. App. 3d, 860, 275 N.E. 2d 236, 238 — 13, 18
U.S. v. Pugliese 805 F. 2d, 1117, 1124-2d cir. 1986 — 15
People v. Gregory, 22 Ill. 2d 601, 603, 177 N.E. 2d 120 (1961) — 15
People v. Goodwin, 69 Ill. App. 3d, 347, 349, 25 Ill. Dec. 772, 387 N.E. 2d 433 (1979) — 15
People v. Griffiths, 112 Ill. App. 3d, 322, 328, 68 Ill. Dec. 73,445 N.E. 2d 521 (1983) — 16
People v. Loggins, App. 1 Dist. 1974, Ill. App. 3d 655, 316 N.E. 2d 274 — 16
Drope v. Missouri, 420 U.S.162, 172, 95 S.ct. 896, 904,434. Ed. 2d at 822 — 16
Pate v. Robinson, 383 U.S. 375, 378, 86 S.ct. 836, 838, 15 L.Ed 2d 815, 818 (1966) — 17
People v. Gene R. Bilski, 333 Ill. App. 3d 808, 776 N.E. 2d 882 — 17
Massaro v. U.S 2003, 123 S.ct. 1690, 538 U.S. 500 L.Ed 2d 714 see (594) — 18
People v. Roz ene, Burvage and Allen Redmond 269 Ill. App. 3d 67, 645 N.E. 2d 455 — 12
People v. Wright, 194 Ill. 2d 1,251 Ill. Dec. 469,740 N.E. 2d 755 (2000) — 18
People v. Cox, 82 Ill. 2d 268, 270, 412 N.E. 2d 214, 218 4th Dist. 1987 — 18

### 2. Constitutional Provisions:

Fourth Amendment — 4, 8
Fifth Amendment — 4, 9
Sixth Amendment — 4, 3, 18
Eighth Amendment — 4, 7
Fourteenth Amendment — 8

### 3. Statues:

18 U.S.C. § 3006 A (Act) — 18
21 U.S.C. § 848 (a) — 18
28 U.S.C. § 1915 (a)(1) — 18
Article VI, Section 6, OF Illinois Constitution-Illinois Revised Statues (1972) Section 5601-4, 14

### 4. Illinois Code Of Criminal Procedure:

725-5-111-3-5b — 10
625 ILCS 64-401.2 (West 1996) — 9
625 ILCS 64-103 (a)(1) — 9
625 ILCS 64-171.01 — 9
735 ILCS 54-109 — 10
735 ILCS 5/116-3 — 12
725 ILCS 5/104-11 (a) west 2004 — 12

### 5. Rules:

Rule 8, Rules Governing Section 2254 cases — 3, 19
Rule 24 — 18

2

_Jurisdictional Statement_

     This is a, "Memorandum In Response Why Petition For Writ Of Habeas Corpus Shouldn't Be Dismissed" from a judgement order entered on April 24, 2008 to show cause. The petitioner's, 4TH, 5TH, 6TH, 8TH, and 14TH amendment rights were violated.

     The date on which the highest state court decided on this case was November 1, 2007. A copy of that decision appears in the, appendix as exhibit A.

     This court has jurisdiction pursuant to, Rule 8, Rules Governing Section 2254 cases.

     The record on appeal for, case no: 105035, from the Illinois Supreme Court, the appeal from the Second Judicial District Court Of Appeals covers the period from the commencement of the proceedings through the Illinois Supreme Court. For clarity citations to the common law records and reports of proceedings will be preceded by either, Circuit Court's Records, case number # 04CF3749, at Lake County.

     Also Appellate Court case # 07-0107.

3

_Opinion And Proceeding Below_

On March 17, 2005, the petitioner was found guilty of, Possession Of A stolen Motor Vehicle and a Straight-Conviction entered. Petitioner was subsequently sentenced to a Nine year prison term upon his conviction. He appealed this conviction to the, Illinois Appellate Court-Second District, on August 8, 2005, the Court delivered it's opinion in said appeal, affirming the judgement of conviction and sentence. A petition for Rehearing On Appeal was filed on June, 7, 2007 and denied on July 5, 2007. Also note, that the petitioner is to receive 35 days for time served, that was order modification from Appellate Court on May 18, 2007. The petitioner filed an appeal on as about, July 13, 2007 in the Illinois Supreme Court and the Illinois Supreme Court denied petition on September 26, 2007; the mandate of the Illinois Supreme Court was November 5th, 2007. The petitioner did file a post convictions and it was granted for an appeal, mind you, the appellate defender office files to be relieved as counsel both times by filing a Finley. On the first post, they told me to withdraw so I did and on the second post they filed, Finley yet they did not do there job. The Appellate Court denied my reply to Finley then the appellate attorney tells me to file again and they will take 6 months?! Now, I'm at a facility that won't give law library access for research etc... I even went to ses for asking and I even file a complaint in the U.S Southern District, case number #08-315-JPG. Still this appeal from the conviction for 9-years and Straight-Conviction for Aggr Fleeing and Eluding, the petitioner challenges the decisions. This issue is not pending in any other court.

4

## STATEMENT OF FACTS

The petitioner was stopped and arrested by Officer Lawrence, without a description given of accused allegedly running from a stolen vehicle. The description was of a dog barking, see Page 21 pa. 23 & 24 and Page 22 pa. 9-14 all from trial transcripts on March 17, 2005.

The indictment is frivilous, they say in the indictment that the van was registered yet if you review; Exhibit; G and Exhibit E, it show that the petitioner was given a ticket for driving a unregistered vehicle.

The indictment also does not state a vin number or year, or Model of the stolen van; see indictment, "Exhibit G" and "Exhibit E," shows that the vans are two different vehicles, one is a 350 model and the recovered van was a 150 Econoline. Also see; "Exhibit F" the picture that shows the 150 Econoline. The petitioner was on trial for a 350 model van, yes there are decirepancies. Also review the recovered vehicle there is no vin number and the models are different see "Exhibit F".

The company who allegedly owned the vehicle could not even show proof like the registration and/or an original Title see page 41 pa. 15 and Page 42 pa. 12 and Page 42 Pa. 5-6, all from the trial transcripts on March 17, 2005. Also seen the company did have proper records they should be charged with a class 2-Felony.

The petitioner was not even in the said stolen vehicle if you review the police report, Exhibit E, the prints are no comparison. If you review the trial transcripts from March 17, 2005, a officer Renaldi testified that the petitioner got out from under the steering wheel crawled over to the passenger side and climbed on top of the vehicle without gloves on see; page 30 pa. 8 ? !

Also officer Rinaldi stated on March 17, 2005 see; Page 35 pa. 9 & 10, that the license plates were not register, Making indictment frivilous.

Also see where it was a Diane Dixon-Wise who had Exclusive Possession of the stolen motor vehicle, yet her name

S.D.: 8478

5

is not on the indictment, she was not even arrested, she didn't come to trial and she did not make a written statement? see the Exhibit. E and Page 79 pa 1-24 and Exhibit. B, Diane Dixon Wise name should be on the indictment not the petitioners.

There were two people who's name was not on the witness list see Exhibit. D, there names are Ms. Donovan and Ms. Rogers this is not proper and should grant a new trial.

The petitioner has a straight-conviction for Fleeing and Eluding the police that should be voided due to incomplete sentence, not to mention that the office stated on March 17 2005 that the petitioner did not have on any eyeglasses, see; Page 35 pa. 50 also review the petitioners drivers record that shows he has to have glasses to operate a vehicle. yet officer Rinaldi says that the petitioner was driving 100 m.p.h on a busy street yet he didn't hit anything shows perjury, the act is impossible. The police reports and the indictment lack in certainty.

On March 17 2005 in the trial transcripts a Ms. Rogers takes the witness stand and states that the petitioner was not the criminal, because! she seen the criminals and called the police on October 9 2004 and she followed the van until the police took up the persuit see; Page 70 pa. 18-20. Also review a citation she was the complainant and did not sign a complaint against the petitioner.

The petitioner can't be sentenced on assumptions or being misrepresented by "Ineffective Counsel". the petitioner filed 3 motion asking for proper counsel in the Circuit Courts and was denied, see; The Appellate Defenders Direct Reply Brief.

The petitioner asked the Appellate Courts for proper counsel and was denied yet, had the Appellate Attorney Paul Rogers filed in-effective counsel in his Direct Brief and have he put down the people who took the witness stand, when there name was not on the witness his motion would have been granted. Not to mention the fact that the models in the vans are different. This makes him and the Public Defender ineffective, and violates the petitioners 6th amendment.

Also, the petitioner has a Mental History and who knows the competents of the petitioner before trial there was no mental evaluation done before trial. Also the petitioner has to be able to assist in trial, now the petitioner see the crystal clear errors that were made. Yet the petitioner is not an Attorney and is in need of help and yes the court abused it's Decretion. etc. -- Also 8th amendment excessive bail see Pages 34 & 50 of Transcripts.

6

Futher more, the petitioner did exhaust all State remedies
see exhibit A showing the Illinois Supreme Courts
decision on September 26, 2007, the petitioner's petition was
denied, the case number #105035, yes, it was all over
November 6, 2007 as mandated.

Also see exhibit B showing how the Appellate
court denied Supplemental Brief, Rehearing on Appeal
and denied Appeal and the post conviction hearing
all exhibits again are marked exhibit B. Yes
the petitioner filed a post conviction and
again the appellate defenders filed a Finley to be
dismiss as counsel and the Appellate Court let
them knowing that there are Constitutional Rights
being violated yet the Appellate Court knew that
the petitioner had ineffective counsel from day
one and even in the exhibits shown it's two
different schides. There is, No, case pending
in any other court on this issue, the petitioner
was even told by Appellate defender that if he
files another post conviction he will loss 6 moths
good time. The Appellate Courts, the Circuit Court
and the Appellate defenders office are all in cohorts
together. I was not in a stolen van and I don't
know anything about it and I have been telling the
same story for almost 4-years and I prays that this
court responses! The evidence don't even add
up, clearly showing a malicious prosecution.
Also see exhibit I, showing where petitioner filed a post conviction
January 9, 2007 with all evidence showing innocence yet the states
in number #5, that this issue could have and should have been raised
On appeal, mind you all issues started with her and here I still sit bogus!?

7

## ARGUMENT

1. Appellate Review Showing "No Probable Cause For The Stop or Arrest.
   On or about October 18, 2006, the petitioner did file a "Supplemental Brief" with the appellate court and it was denied. In the "Supplemental Brief" it clearly states that the petitioner's 4th amendment right was violated, the petitioner presents Terry v. Ohio, cited as 273 Ill. Dec. 129 (Ill. App. 3 Dist 2003). The interrogation during "Terry Stop" must be reasonably related in scope to the justification for initiating the stop. However, If you review the police reports and the trial transcripts it will clearly show you that the petitioner was not only stopped he was arrested by a "North Chicago Police Officer Lawrence" yet this officer did not even have a description of, whom his co-workers were allegedly chasing from a stolen motor vehicle, yet he arrested the petitioner for the crime?! Also officer Lawrence did not make a police report nor did he come to trial. The date of arrest was 10-8-04 at per say 11:00 a.m., the sun was shining and many people were out. Not to mention the fact that the petitioner was in the "City of Waukegan" not "North Chicago. They say the only description given over the police radio was, the description of a dog barking! the petitioner is not a dog. **Standard Of Review**: Whether the trial court and the appellate court properly applied the statute, arresting a citizen were there is "als Probable Cause" to arrest. The stop and arrest is a matter of law and is therefore subject to "de novo review". Jones v. Village Park 815 F. Supp. 249 is the restrain of liberty without probable cause. The court's are looking over the ultimate issue at hand, the petitioner was not a suspect, nor did he have any warrants or parole or probation pending. The petitioner was arrested not detained by officer Lawrence. Yes, this violates the petitioner's 4TH amendment right, to liberty, to walk down the street, which he has a right to do anywhere in the U.S, this is a right, not a privilege.

   Accordingly, the "Honorable Court" should reverse sentence, and vacate the petitioners sentence. Also the "straight convictions" the petitioners 4th and 14TH amendment rights are violated.

S.D. #428

8

2. The Court's Erred In It's Discretion The Petitioner's
Due Process Of Rights And Sentencing.
    The 5th amendment, governs a citizens rights, for failure
of due process. An "Indictment and Information Complaint's"
which lacks necessary certainty to charge offense, is void,
and vulnerable to attack at anytime, including on appeal, see:
"People v. Heard (1971), 47 Ill. 2d 501, 505, 266 N.E. 2d 340,
343". Again, the petitioner did file a "Supplemental Brief" in
the appellate court with this information enclosed on or
about, October 19, 2006 and it was denied. Also the petitioner
did file, Post Trial Motion's with this information and it was
denied as well. The state alleges in the "Indictment",
that, the petitioner was in possession of a "Blue Van" of
Habitat for Humanity with an "Illinois Registration" number
of 2041ICV, knowing it to have been stolen, in violation of
625 ILCS 5/4 -103 (a)(1) contrary to the statutes in such
case made and provided, and against the peace and dignity
of the "People Of The State Of Illinois," yet according to case
law "625 ILCS 5/1-171.01-Remitter, is any person who
owns a vehicle has to pay to show the, "State Of Illinois," the
taxes paid or vehicle license and registration fees, none of
this was done at the "Indictment Hearing" or at "Trial.
Also a Officer Rinaldi stated on the witness stand on "March
17, 2005, that he ran the plates on the said vehicle and they came
back not registered, this officer also wrote the petitioner a ticket
"No Registration", on a vehicle the petitioner never was in, which

9

makes the said "Indictment" lack in it's certainty by saying the van was registered. Also according to "725 ILCS 5-111-3-5b", a uniformed ticket has to be signed by a officer and a complainant. The complainant has to sign to prevent perjury under penalties as provided by law for false certification pursuant to "735 ILCS 5/1-109" of the code of "Civil Procedure" and none of this was done at the "Indictment Hearing" or "Trial" to show cause, so without a signature from the complainant this also makes the indictment lack in it's certainty, because just the officers signature doesn't show anyone greening a lost. The officers can't say that they did not come in contact with the complainant on 10-9-04 because! I, Ms. Rogers called the police to report that she was following the said stolen vehicle, she was also the one who claimed the stolen vehicle after it was dusted for finger prints and drove it away, she also stated at Trial on the record on "March 17, 2004" that she even seen the criminals that possessed the stolen vehicle and pointed at the petitioner and clearly stated that I was not the one. This witnesses name was not even on the wit-ness list !? Also the indictment lacks in it's certainty, the Make, Model and Vin number, of the alleged stolen motor vehicle that was reported stolen the first day was 10-8-04 because! If you review the "Supplemental Discovery" that was submitted, "Narrative"; October 8, 2004 at 14:22, case No. 20040063963; Created by "Paulost, on 10-8-04, 2:22 p.m a 1990, Make: Ford, Model: 350, Style: Van, Color Top: Blue, License # 204116V, Serial # (Vin 1FTDE14YZLHA8694. Now review the recovery date of the alleged stolen vehicle; Supple-

10

mental Narrative.; October 9, 2004, 10:57, case No. 2004000396, created by; Furlow, on 10-9-04, 10:57 a.m, in reference to "Re-covered Stolen Auto, this officer went to location and took "Eight Digital Photos," then dusted a blue 1990-Ford/Econoline 150 van, Bearing Ill/plates of 204ILCV, for latent finger prints with a negative result of any comparison, note: that it is in the trial transcripts that the petitioner was said to have gotten out this vehicle and climbed over the top and jumped a fence with "No Gloves on". The reports "Models," are two different vehicles and there was "No Vin Number" taken on 10-9-04 so, this makes the "Indictment Frivilous". The court alleges in the "Indictment" that the petitioner was in possession of the said stolen motor vehicle. yet, the person that was caught with "Ex-clusive Possession" was a Ms. Diane Dixon Wise and without her we don't know if the vehicle was loaned, stolen or what! She did not make a written statement, she did not come to trial and she was not even arrested. In "People v. Malone (5th Dist. 1971), Ill. App. 3d 860, 863, 275 N.E. 2d 236, 238," the trial court held that the possessor is guilty of the wrongful taking, yet this indictment shows the petitioner's name.

  A. The Court Erred In Finding The Petitioner
    Guilty Of Aggravated Fleeing And Eluding The
    Police Due To Absence Of Sentence.

  The petitioner was found guilty of "Aggravated Fleeing and Eluding" "The Police". There was a "Straight Conviction" with "Judgment Ordered for Court Cost," yet there was "No

Sentence Imposed" see "People v. Rozene Burvage and Allen Red-
mond 269 Ill. App. 3d 67, 645 N.E. 2d 455" so, the "Aggravated
Fleeing and Eluding", should be void. The "Supreme Court Rule
604(a) 73 Ill. 2d R. (604), limits the scope of the "States" ability
to appeal to trial courts dismissing charges, arresting judgements,
quashing warrants, and suppressing evidence. Therefore, the state
cannot appeal a mere conviction to seek an order for the imposition
of a sentence. The petitioners "Drivers License" is revoked, the
case No. 249732, yet he was not even in this alleged stolen
vehicle. The finger prints show, "No Comparison"; "The complainant
Ms. Rogers states it was not the petitioner. The petitioner is noted
on his "Drivers License" that he has to wear them yet the police
states the petitioner was driving 100 m.p.h without eye glasses
without hitting anything, this is impossible. No finger prints alone
show that this is a Prima Facie issue of Forensic Evidence.
"225 ILCS 5/116-3. Standard Of Review: Whether the trial
court and the appellate court properly applied the statues,
"Due Process" were there any grounds to go to trial and/
or sentence the petitioner is a matter of law and is
subject to de novo review. According to the "Thirty-Se-
cond Annual Review Of Criminal Procedure"-"Improper
Considerations In Determing Sentence. 2074 see "U.S v.
Pugliese 805 E. 2b 1117, 1124-2d cir. 1986," due process requires
that petitioner not be sentenced based on material, untrue
assumptions or mis information. Yes, this violates the petitioners
5th amendment rights, and shows that due process

was not given to the petioner which is a right not a privilege. The 14th amendment states all law applies to citizens.

Accordingly, this Honorable Court should vacate the petitioners Sentence and vacate the "Straight Conviction" against the petitioners "Driver Licence". This information shows two different vehicles!? Also the "Indictment is construed.

3. The Courts Erred In Denying The Petitioner's Motion's For Appointment Of Counsel Other Then Appellate Defenders Office And The Public Defenders Office.-(Inaffective Counsel).

The "6th amendment right" which governs a citizens right for proper counsel. The petitioner filed a motion along with his "Supplement Brief", requesting different counsel with the "Appellate court" on or about, October 18 2006 and was denied. The petitioner filed several motions in the "Circuit court", requesting different counsel and was denied. The motions filed where, "In effective Counsel Motions," all were denied yet, the petitioner has the right to proper counsel that is meaningful, it has to be more than a sham or pretense, it must be effective ; more over, the statutes under "Illinois's Law" upon which that motion was predicated, authorized that court to appoint counsel other than the Appellate Office, or Public Defender Office. Where the petitioner or accused will be prejudiced with the, "States Appointed Counsel," see; "Illinois's Revised Statutes (1977), Section 5 604-4 s4, Chapter 34, on "Appointment of Counsel". The "Public-Defender Ian Kasper" failed to file any "Pre-Trial Motion" and "Review all the information before trial". This attorney should have, filed a motion showing the court that the "Models of vans are different and one has a vin number showing yet the other one does not. The van that was reported stolen on 10-8-04 is a 1990, Ford, Model: 350, with vin

number and ILI Plates that were "Not Registered" and on 10-9-04 the van that was recovered was a 1990, Ford Model; 150 Econoline, this van was not reported stolen on 10-8-04. The pictures of this, "Ford 150 Econoline," were submitted as evidence, yet the Public defender - Ian Kasper fails to object, shows he was ineffective, and did misrepresent the petitioner and misinform the "Judge." A defendant is entitled to have his guilt or innocence, determined solely with reference to the crime charged. "People v. Gregory, 22 Ill. 2d 601, 603, 177 N.E. 2d 120 (1961)" Accordingly, it is well settled that evidence of other offenses unrelated to the crime for which a defendant is on trial is incompetent. "People v. Goodwin, 69 Ill. App. 3d 347, 349, 25 Ill. Dec. 777, 387 N.E. 2d 433 (1979)". However it is also well settled that a party who "opens the door" on a particular subject is barred from objecting to questioning based upon the same sub-ject. "People v. Griffiths, 112 Ill. App. 3d 322, 328, 68 Ill. Dec. 73, 445 N.E. 2d 521 (1983). The failure of Ian Kasper; not in-forming the "Judge" of the discrepancy about the "Models" in the vans being different, making it two different vehicles, takes from the ultimate issue that! The van, the petitioner was on trial for was not, the van that was recovered on 10-9-04 and the attorney Ian Kasper knew the defendant could not be convicted with this evidence. Also, the Public Defender - Ian Kasper was very ineffective, by not objecting to a Ms. Donovan who got on the witness stand yet her name was not on the wit-ness list. This witness came to trial with a copy of a van title not an original copy, also, Ms. Donovan did not know if the van was register or insured, not to mention she

had know proof of owner ship, No vin number were shown etc.. Also, the Public Defender - Ian Kasper was very ineffective by not objecting to a Ms. Rogers, who got on the witness stand yet her name was not on the witness list. This witness did testify that the petitioner was not the criminal due to the fact she had seen them. Now, Ms. Donovan and Ms. Rogers were the states witnesses. "People v. Loggins, App. 1 Dist. 1974, Ill. App. 3d 655, 316 N.E. 2d 274". The state has to comply with this rule to allow the defendant time to prepare before trial. Also the Public Defender - Ian Kasper failed to address the judge and let her know that the defendant had a "Mental History" yet it's his job to review the defendant's back ground before trial, to see if the defendant is fit to stand a trial. The defendant had showed signs of incompotents by arguing with his attorney in front of the judge and not seeing the "Crystal Clear" errors that is being presented to this court in this motion, even the judge commited on the defendants demeanor. The state of mind before trial is a factor and the ultimate issue, because! Who knows, what the defendant - petitioner was capable of, there was "No Mental Evaluation done before trial. Had the counsel been effective, the petitioner would not be serving a 9-year sentence. Yes, there is bona fided doubt that the petitioner was fit. "725 ILCS 5/104-11 (a) (West 2004. The petitioner is suppose to be competent enough to assist his attorney in trial, review Drope v. Missouri, 420 U.S. 162, 172, 95 S. Ct. 896, 904, 43 L. Ed. 2d at 822", also "Pate. v. Robinson, 383 U.S. 375, 378, 86 S. Ct. 836, 838, 15 L. Ed. 2d 815, 818 (1966). This P.D. had the

16

petitioner records so, theres "No Denying" his actions.
Also Public Defender-Ian Kasper was ineffective by not
objecting to his co-worker Shipley taking the witness stand
as a character witness for the state. This hearsay testimony in
which was not relevant factor when imposing a sentence.
People v. Gene R. Bilski 333 Ill. App. 3d 808, 776 N.E. 2d 882.
The petitioner believes that Shipley's testimony made this
court even more biased, because this witness stated
that he chased the petitioner before in a stolen vehicle and
got hurt? If you review the record the case that Shipley
refers to was "Dismissed" several years before hand. The judge
said she takes Shipley's testimony as true, yet the case was
dismissed, it has to show relevancy, there was none. The
Appellate Attorney-Paul A. Rogers knew all these issues
and yes there are more, so please review the record.
The petitioner asked the appellate attorney to file an
ineffective counsel and the appellate attorney refused
stating he was not going to do it for me, yet the record
is clear, that I had improper counsel so, the petitioner
feels sense, this Appellate Attorney doesn't raise issues
that he knows exist that makes him ineffective
as well. Again, the petitioner asked for different counsel
in the appellate court on or about October 19, 2007.
The state appointed attorney's are not telling the
story like it is and it seems like they are hiding
ultimate issues, not to mention misinforming the judges.
The petitioner has had existing issues, yet the Appellate
court denies his "Supple Brief" and motion asking for

17

different counsel. Not to mention the petitioner was told to file a "Post Conviction", for existing issues already on the record and yes, it was denied in the "Circuit Court", a appeal was filed yet the appellate court files a order for a continuance, until January 21, 2008 for all briefs, the case number 2-07-0107. Further more, the appellate court denies the attorney's "Direct Brief", this is unfair to the petitioner. The court's have seen the petitioners "Supplemental Brief". Now the appellate attorney is saying he is going to file for another continuance, by then the petitioner will be done serving the 9 year sentence. It's obvious that the appellate court needs help and the public defender attorney and the appellate attorneys are not effective. The Circuit Courts even state that the petitioner is owed 35 days for time served and he has not received it as of yet?! Standard Of Review : whether the trial court and the appellate properly applied the statues." "Ineffective Counsel" were there are many grounds showing counsel was not proper is a matter of law and is subject to de novo review. The 6th amendment guarantees reasonable competence not perfect advocacy judged with the benefit of hindsight." Massaro v. U.S. 2003, 123 S.Ct. 1690, 538 U.S. 500, 155 L.Ed. 2d 714" see; 1 594, 1. Even to warrant a new trial, such evidence, must have been in existence at time of the trial" U.S. v. Hall C.A. D.C. 2003, 324 F. 3d 720. Also the attorney's that were appointed are misinforming the judges and the petitioner should not be sentenced for that, not to mention being held any longer, see; U.S. v. Pugliese 905 F. 2d 1117, 1124-2d cir 1986- states that the petitioner shouldn't be sentenced on assumptions or/and materially untrue information and mis information. Also U.S Supreme Court recently reaffirmed the principle and the state must enforce it; People v. Wright, 194 Ill. 2d 1, 251 Ill. Dec. 469, 740 N.E. 2d 755 (2000) our Supreme Court found section 5-401.2 of vehicle code "625 ILCS 5/5-401.2 (West 1996) unconstitutional on due process grounds;" Wright, 194 Ill. 2d at 30, 251 Ill. Dec. 469, 740 N.E. 2d. 755, section 5-401.2 required if business doesn't have proof they are in violation of a class 2 felony. Also, even when sentences are within the statutory limits of the offense charged, however, such sentences should be reversed if an abuse of discretion is found; People v. Cox, 82 Ill. 2d 268, 270, 412 N.E. 2d 216, 218 (5th Dist. 1987). Yes, from the petitioners mental history, to Ineffective Counsel motions filed and not honored the court's did abuse its descretion, etc... Also when known petitioner has a mental history counsel should be appointed see; Maclin v. Freake cited as 650 F. 2d 885 (1981). Also the 7th Circuit Court adopts appointing counsel see 18 U.S.C. § 3006 A (a)(1) and 28 U.S.C. § 848 (q) and Rule 24 also quoting from 28 U.S.C. § 1915 (e)(1).

18

## Conclusion

For the foregoing reasons and reasons in the "Appendix" this honorable court's should revere the said sentence and vacate the petitioner's 9-year sentence and vacate the Straight Conviction Order Entered for case number's #04CF3749 and #04TR155522. and/or alternate Appoint Counsel and have this case reheard.

Darryl R. Duncan B79384
1695 State Route #146 East
Vienna, Illinois
62995

Respectfully Submitted
Darryl R. Duncan
By: Darryl R. Duncan
Prose

---

## Certificate Of Compliance

I certify that this, "Memorandum In Response To Why Petition For Writ Of Habeas Corpus Should Not Be Dismissed Conforms to the Federal Rule 8, Rules Governing Section 2254 cases. The appendix is _____ pages excluded from petition.

Darryl R. Duncan B79384
1695 State Route #146 East
Vienna, Illinois
62995
618 - 658 - 8377

15 May 2008

Darryl R. Duncan - Petitioner

Notary Public

```
"OFFICIAL SEAL"
J. Karen Jones
Notary Public, State of Illinois
My Commission Exp. 06/05/2008
```

19

_Affidavit_

I declare that this "Memorandum In Response To Why Petition For Writ Of Habeas Corpus Shouldn't Be Dismissed" is true and correct and was prepared by the plaintiff and other inmates due to the fact that the petitioner has a Mental History, there is No Paralegal here at Vienna C.C., and due to the fact the petitioner is in pain and is suffering due to lack proper medical care in I.D.O.C.

Darryl R. Duncan B29388
6695 State Route #146 East
Vienna, Illinois
        62995

618 - 658 - 8371

Respect fully Submitted:
Darryl R. Duncan
Plaintiff - Appellant
_[signature]_
Pro se

15 May 2008
_[signature]_
Notary Public

"OFFICIAL SEAL"
J. Karen Jones
Notary Public, State of Illinois
My Commission Exp. 06/05/2008

                                        ʹT OF ILLINOIS
                                        HE COURT
                                        ʹG BUILDING
                                        ʹINOIS 62701
                                          ʹ35

                    Sept      ʹ6, 2007                              Exhibit A

Mr. Darryl R. Duncan
Reg. No. B-79384
Hill Correctional Center
P. O. Box 1700
Galesburg, IL 61401

No. 105035 - People State of Illinois, respondent, v. Darryl R.
             Duncan, petitioner.  Leave to appeal, Appellate
             Court, Second District.

    The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

    The mandate of this Court will issue to the Appellate Court

on November 1, 2007.



## STATE OF ILLINOIS APPELLATE COURT SECOND DISTRICT

OFFICE OF THE CLERK
847/695-3750
847/695-0092 TDD

APPELLATE COURT BUILDING
55 SYMPHONY WAY
ELGIN, ILLINOIS 60120-5558

Appeal from the Circuit Court of County of Lake

Trial Court No.: 04CF3749

THE COURT HAS THIS DAY, 07/05/07, ENTERED THE FOLLOWING ORDER IN
THE CASE OF:

Gen. No.: 2-05-0758
  Cons. Cases: 2-05-0548

People v. Duncan, Darryl R.

Upon consideration of the Petition for Rehearing
filed by appellant, the Petition for Rehearing is
hereby denied.
(McLaren, Byrne, JJ.)
(O'Malley, J., dissents)

Robert J. Mangan
Clerk

cc: Thomas A. Lilien, Deputy Defender
    Paul Alexander Rogers
    Honorable Michael J. Waller
    Lawrence M. Bauer, Deputy Director
    Bonnie C. McGrath



Exhibit - B



RECEIVED

DEC - 6 2006

OFFICE OF THE STATE
APPELLATE DEFENDER
ELGIN, ILLINOIS

**STATE OF ILLINOIS APPELLATE COURT SECOND DISTRICT**

OFFICE OF THE CLERK
847/695-3750
847/695-0092 TDD

APPELLATE COURT BUILDING
55 SYMPHONY WAY
ELGIN, ILLINOIS 60120-5558

Appeal from the Circuit Court of County of Lake

   Trial Court No.: 04CF3749

THE COURT HAS THIS DAY, 12/05/06, ENTERED THE FOLLOWING ORDER IN
THE CASE OF:

      Gen. No.: 2-05-0548
        Cons. Cases: 2-05-0758

   People v. Duncan, Darryl R.

         Motion by defendant-appellant, Darryl R. Duncan,
         for review of "supplemental brief" and for
         appointment of counsel other than Office of State
         Appellate Defender.  Pro se appellant's motion to
         review "supplemental brief" and state whether said
         "pro se supplemental appeals brief" has any merit
         is denied.  Motion for appointment of appellate
         counsel other than Office of State Appellate
         Defender is denied.


                              Robert J. Mangan
                              Clerk


cc: Thomas A. Lilien, Deputy Defender
    ✓Paul Alexander Rogers
     Honorable Michael J. Waller
     Martin P. Moltz, Deputy Director





Exhibit B

STATE OF ILLINOIS APPELLATE COURT SECOND DISTRICT

OFFICE OF THE CLERK
847/895-3750
847/895-0092 TDD

APPELLATE COURT BUILDING
55 SYMPHONY WAY
ELGIN, ILLINOIS 60120-5558

Appeal from the Circuit Court of County of Lake

Trial Court No.: 04CF3749

THE COURT HAS THIS DAY, 11/30/07, ENTERED THE FOLLOWING ORDER IN THE CASE OF:

Gen. No.: 2-07-0107

People v. Duncan, Darryl R.

Motion by the Office of the State Appellate Defender, counsel for Appellant, for leave to withdraw as said counsel. Motion continued until thirty (30) days to allow Appellant to file any additional matters meritorious on his behalf.

Robert J. Mangan
Clerk

cc: Thomas A. Lilien, Deputy Defender
Honorable Michael J. Waller
Lawrence M. Bauer, Deputy Director
Darryl R. Duncan

*Exhibit B*

No. 2-07-0107

**IN THE**

**APPELLATE COURT OF ILLINOIS**

**SECOND JUDICIAL DISTRICT**

| | | |
|---|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) | Appeal from the Circuit Court |
| | ) | for the 19th Judicial Circuit, |
| Respondent-Appellee, | ) | Lake County, Illinois, |
| | ) | |
| -vs- | ) | No. 04 CF 3749 |
| | ) | |
| **DARRYL R. DUNCAN,** | ) | Honorable |
| | ) | Victoria Rossetti, |
| Petitioner-Appellant. | ) | Judge Presiding. |

**NOTICE OF FILING AND PROOF OF SERVICE**

TO:   Mr. Lawrence Bauer, Deputy Director, State's Attorneys Appellate Prosecutor, 2032 Larkin Avenue, Elgin, Illinois 60123

Mr. Darryl R. Duncan,  Register No. B-79384, Hill Correctional Center, P.O. Box 1700, Galesburg, IL  61401

I, Thomas A. Lilien, Deputy Defender, OFFICE OF THE STATE APPELLATE DEFENDER, Second Judicial District, hereby certify that on November 29, 2007, I filed an original and four copies of  a **Motion to Withdraw as Counsel on Appeal Pursuant to Pennsylvania v. Finley** and supporting documents with the Clerk of the Appellate Court, Second  Judicial District, and hand-delivered two copies to the State's Attorneys Appellate Prosecutor, and mailed one copy to the Petitioner-Appellant  in an envelope addressed as indicated above and deposited in the U.S. mailbox at Elgin, Illinois, with postage prepaid.

THOMAS A. LILIEN
Deputy Defender
Office of the State Appellate Defender
2010 Larkin Avenue
Elgin, Illinois  60123
(847) 695-8822

COUNSEL FOR PETITIONER-APPELLANT

1    Illinois or any other jurisdiction of the same or

2    similar class felony or greater class felony when

3    such conviction has occurred within 10 years

4    after the previous conviction.  So I find that

5    based on the conviction from 1998 and a finding

6    of guilty on this conviction on the charge of

7    unlawful possession of stolen motor vehicle,

8    again a Class 2 felony, looking at all of the

9    factors in mitigation and aggravation, looking at

10    the rehabilitation factors as well as the

11    punishment factors that the Court must look at I

12    am sentencing this defendant to an extended term

13    sentence of 9 years in the Department of

14    Corrections.  You will receive credit for all of

15    the days that you have served in the Lake County

16    Jail.

17              Mr. Duncan, you do have the right to

18    appeal.  You have the right to request the clerk

19    to prepare and file a notice of appeal.  You have

20    the right if indigent to be furnished without

21    cost to you of a transcript of the proceedings at

22    the trial or hearing.  You have the right if

23    indigent to have counsel appointed on appeal.

24    The right to appeal the judgment of conviction

Exhibit

STATE OF ILLINOIS )
) SS
COUNTY OF LAKE )

## IN THE CIRCUIT COURT OF THE NINETEENTH
## JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
)
vs.                                    )  GENERAL NO:   04 CF 3749
)
DARRYL DUNCAN                          )

### LIST OF WITNESS

The persons who may be called as witnesses in this case during any hearing or trial are noted below.

**North Chicago Police Department**
Rinaldi
Triplett
Lawrence

Forensic expert, Northern Illinois Police Crime Lab

Exhibit:
# D   1 of 2

STATE OF ILLINOIS )
                  ) SS
COUNTY OF LAKE    )

*Kasper*

## IN THE CIRCUIT COURT OF THE NINETEENTH
## JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
                                 )
           v.                    ) GENERAL NUMBER    04 CF 3749
                                 )
DARRYL DUNCAN                    )

### SUPPLEMENTAL ANSWER TO MOTION FOR DISCOVERY

Now comes MICHAEL J. WALLER, State's Attorney, in and for the County of Lake, by and through

Kenneth LaRue, Assistant State's Attorney, and supplements the Answer to Motion for Discovery previously

filed in the above-captioned cause as follows:

1.      Defense counsel is hereby furnished with additional reports initialed KL and numbered 70 through 71.

2.      Supplemental witnesses:

   Officer Furlow, Waukegan Police Department
   Officer Poulos, Waukegan Police Department
   Jordan Johnson, 112 Homewood, Libertyville
   Keeper of the Records, Habitat for Humanity, 315 N. Marting Luther King Jr Drive, Waukegan, IL
   Donn Wise-Dixon, 223 Belvidere, Waukegan, IL

                              MICHAEL J. WALLER
                              State's Attorney of Lake County


                              _____
                              Kenneth W. LaRue
                              Assistant State's Attorney

*Exhibit D*   *2 of 2*

WAUKEGAN POLICE DEPARTMENT INCIDENT REPORT    Date: 10/08/2005
Page: 2
Case Number: 2004-00063963

Case Description:
Stolen Auto in Progress/Report

Bin Loc      :                        Disposition    :

Vehicle Year: 1990      Description:
Make    . . . : Ford        Model : F350        Style . : Van
Color Top . : BLUE STEEL  Bottom:               Interior:
License # . : 20411CV       State :    IL       Expires :
Serial #/VIN: 1FTDE14Y1LHA86014      OAN . . :

NARRATIVE OCT 08 2004 14:22
Case # 200400063963 created By: POULOST - on: 10/08/2004 2:22:52 PM


On 10/08/04 I was dispatched to 2360 14TH st in reference to a stolen
auto report. Upon arrival I spoke to Jordan Johnson. Mr. Johnson told
me that he works for Habitat for Humanity and that his company van,
previously described, was stolen from the driveway of the home he was
working on. He said the keys were in the unlocked van and that it was
stolen between 1220 and 1230 pm. Mr. Johnson said that no one else
had permission to take the van. He said that only 3 workers were
working today and they were all on location.


SUPPLEMENTAL NARRATIVE OCT 09 2004 10:57
Case # 200400063963 created By: FURLOWR - on: 10/09/2004 10:57:11 AM


E.T. REPORT

LOCATION : GLENROCK AVE  /  MELROSE AVE ( BIKE-TRAIL )

REFERENCE: RECOVERED / STOLEN AUTO

VICTIM : HABITAT FOR HUMANITY OF LAKE COUNTY


OFFICER WENT TO THE ABOVE LOCATION , IN REGARDS TO A RECOVERED STOLEN
AUTO .

OFFICER TOOK EIGHT DIGITAL PHOTOS AT THE SCENE. THEN DUSTED A BLUE
1990 FORD / ECONOLINE 150 VAN BEARING IL / PLATES OF 20411CV FOR
LATENT FINGERPRINTS WITH A NEGATIVE RESULT OF ANY COMPARISON.

OFFICER LOCATED NO OTHER  EVIDENCE ABOUT THE SCENE FOR COLLECTION.

Note! No Gloves

Exhibit E

1 of 2

*Exhibit: "G" ............ the complaint isn't?*

Page Number: 1

Wednesday, October 20, 2004

## North Chicago Police Department

Description UNLAW POS STOLEN VEH/AGG ASSAULT/RINALDI #50

Date Entered 11:18:28 AM, 10/20/2004 User CECCLA

Case#: 04-029510

*M.S. Rogers*

Narrative

ON 10/09/04 I OFFICER RINALDI #50 WAS SENT TO RTE 137 TO FIND A COMPLAINANT WHO WAS FOLLOWING THEIR STOLEN BLUE WORK VAN IL LIC # 20411CV. I ARRIVED AND SAW A BLUE WORK VAN EXITING THE MOBIL AT GREENBAY RD & RTE 137 AND HEAD (S) ON RTE 137. I ACTIVATED MY EMERGENCY LIGHTS AND SIREN AS DID OFFICER TRIPLETT, IN OUR MARKED SQUAD CARS. I PULLED IN FRONT OF THE VAN AS IT WAS STOPPED AT A RED LIGHT AT RTE 137 AND GREAT LAKES DR IN THE LEFT TURN LANE, WITH THE MATCHING IL LIC 20411 CV.

OFFICER TRIPLETT PULLED BEHIND THE VAN. I EXITED MY SQUAD AND THE DRIVER OF THE VAN I REMEMBERED AS:
    DUNCAN , DARRYL R B/M
    DOB :3/18/64
    2642 KENNEDY DR
    N. CHICAGO

AS I JUST TOOK HIM TO BOND COURT LAST WEEK. DUNCAN THEN STEPPED ON THE GASS AND ALMOST HIT ME BUT I WAS ABLE TO JUMP ONTP THE HOOD OF MY SQUAD AND GET OUT OF THE WAY. DUNCAN THEN PUT THE VAN IN REVERSE AND TRIED TO RAM OFFICER TRIPPLETT'S SQUAD. DUNCAN THEN WENT FORWARD OVER THE MEDIAN AND DID A U TURN THROUGH THE RED LIGHT AND LEADED (L) ON RTE 137. DUNCAN RAN THE RED LIGHT AT GREEN BAY AT A HIGH RATE OF SPEED AND THEN TURNED (N) ON LEWIS FROM RTE 137 TURNING LEFT THROUGH A RED LIGHT. DUNCAN RAN THE STOP SIGN AT 24TH & LEWIS AT A HIGH RATE OF SPEED CONTINUING (N) THROUGH THE RED LIGHT AT ARGONNE SEEMINGLY WITH NO REGARD FO RTHE SAFETY OF THE 20+ PEDESTRIANS CROSSING LEWIS TO TAKE THERE KIDS TO FOOTBAL, MAKING THEM RUN AND JUMP INTO THE GRASS FOR SAFETY. DUNCAN RAN THE RED LIGHT AT 10TH & LEWIS AND AT BELVIDERE AND LEWIS TURNING RIGHT HEADING (E) ON BELVIDERE NARROWLY MISSING SEVERAL CARS. DUNCAN CONTINUED AT A HIGH RATE OF SPEED CUTTING THROUGH A GAS STATION ON THE CORNER OF GLEN ROCK AND BELVIDERE TURNING LEFT AND HEADING (N) ON GLEN ROCK NARROWLY MISSING 2 PEOPLE IN THE PARKING LOT OF THE GAS STATION SEEMINGLY THERE TO GET GAS.

DUNCAN TURNED LEFT ONTO THE ROBERT MCCRORY BIKE PATH ALMOST HITTING A MAN ON A BICYCLE. DUNCAN THEN MADE A U-TURN THROUGH THE GRASS AND PULLED THE VAN NEXT TO A CHAIN LINK TOPPED WITH BARBED WIRE. DUNCAN JUMPED OUT OF THE VAN CLIMBED ONTO ITS ROOF, JUMPED THE FENCE AND RAN (W). I RAN TO THE VAN PUT THE GEAR SELECTOR IN PARK CLIMBED ONTO THE ROOF OF THE VAN JUMPED THE FENCE AND FOLLOWED DUNCAN. DUNCAN WAS LATER APPREHENDED BY OFFICER LAWRENCE 250 FEET (W) OF MY LOCATION WHICH WAS 150 FEET 040 OF THE VAN. THE VAN WAS TAKEN OVER BY WAUKGAN PD. AS IT WA STOLEN OUT OF THEIR CITY. A FEMALE IDED AS:
    DIXON-WISE, DIANE B/F
    DOB: 4/27/63
    223 BELVIDERE

*No Finger Prints*
*No Camera*

WAUKEGAN WAS A PASSENGER IN THE VAN. DIXON-WISE PROVIDED A VOLUNTARY STATEMENT AND WAS RELEASED. DUNCAN WAS TRANSPORTED TO NCPD BOOKED, CHARGED WITH AGGRAVATED ASSAULT, AGGRAVATED FLEEING & ELUDING. UNLAWFUL POSESSION OF A STOLEN VEHICLE. RESISTING, OBSTRUCTIN, DRIVING SUSPENDED. NO PROOF INSURANCE. NO SEAT BELT, EXPIRED REGISTRATION. SUSPENDED REGISTRATIO. DUNCAN WAS HELD FOR BOND COURT. I CLEARED TAKING NO FURTHER ACTION.

RINALDI, ROBERT #50

Officer Signature (X) _____

*Exhibit E*   *2of2*



Exhibit : E      1 of 3



Exhibit F

2 of 3



Exhibit F

3 of 3

STATE OF ILLINOIS    )
                      ) SS    GENERAL NO. 04 CF 3749
COUNTY OF LAKE    )

### DCN#: L38831728
OF THE AUGUST 2004 TERM OF THE CIRCUIT COURT
OF THE NINETEENTH JUDICIAL CIRCUIT COURT OF THE
COUNTY OF LAKE IN THE STATE OF ILLINOIS

Count 1.  That the Grand Jurors chosen, selected and sworn, in and for the County of Lake, in the State of Illinois, having been duly recalled, in the name and by authority of the People of the State of Illinois, upon their oaths present that **DARRYL R. DUNCAN, DOB: 3/18/64,** hereinafter called the defendant, on or about OCTOBER 9, 2004, in the County of Lake and State of Illinois, committed the offense of **UNLAWFUL POSSESSION OF STOLEN VEHICLE,** in that the said defendant, a person not entitled to possession of said vehicle, possessed a Blue van of Habitat for Humanity with an <u>Illinois registration number of 2041LCV</u>, knowing it to have been stolen, in violation of 625 ILCS 5/4-103(a)(1) contrary to the form of the Statutes in such case made and provided, and against the peace and dignity of the People of the State of Illinois.

FILED

NOV - 3 2004

Exhibit # B
1 of 2

Count 2.  That the Grand Jurors chosen, selected and sworn, in and for the County of Lake, in the State of Illinois, having been duly recalled, in the name and by authority of the People of the State of Illinois, upon their oaths present that **DARRYL R. DUNCAN, DOB: 3/18/64,** hereinafter called the defendant, on or about OCTOBER 9, 2004, in the County of Lake and State of Illinois, committed the offense of **AGGRAVATED FLEEING A POLICE OFFICER,** in that the said defendant, the driver of a motor vehicle, after being given a visual and audible signals to bring his vehicle to a stop by Officer Rinaldi, a peace officer, attempted to elude Officer Rinaldi, and in so doing, failed to yield to at least two separate traffic control devices, in violation of 625 ILCS 5/11-204.1(a)(4) contrary to the form of the Statutes in such case made and provided, and against the peace and dignity of the People of the State of Illinois.

A TRUE BILL

FOREPERSON

Exhibit # B
2 of 2

First Name __DARRYL__ Last Name__DUNCAN__ DocketNo. __04CF3749, 04TR155522__ Page 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40

NOTE: THIS INFORMATION IS CONFIDENTIAL UNDER LAW AND IS NO OPEN TO PUBLIC INSPECTION WITHOUT ORDER OF COURT.

## ADDENDUM

**NAME:**    DARRYL DUNCAN

**CASE NUMBER:**    04CF3749, 04TR155522

**COURT DATE:**    MAY 6, 2005

**JUDGE:**    THE HONORABLE VICTORIA ROSSETTI

**STATE REPRESENTED BY:**    KENNETH LARUE

**DEFENSE REPRESENTED BY:**    IAN KASPER

DELIVERED TO CIRCUIT CLERK

MAY 0 5 2005

COURT SERVICES DIVISION

MAY – 5 2005

## HEALTH:

### Emotional:

On April 18, 2005, a mental health evaluation was ordered and this cause was continued to May 6, 2005 for status.    The defendant was so referred to Dr. John Dunne of Lake County Psychological Services.   Per Dr. Dunne's attached report, the defendant was diagnosed with major depressive disorder (recurrent, mild), an adjustment disorder (with anxiety) and a personality disorder, not otherwise specified (with narcissistic, paranoid and antisocial features).    Should his present symptoms become exacerbated, a psychiatric evaluation is suggested to further assess his potential need for psychotropic medications.

Respectfully submitted,

DANA PASCHALL
SENIOR PROBATION OFFICER
ADULT PROBATION SERVICES

Exhibit: H

APPROVED BY:_____/s/ Scott Summers (dp)_____
SCOTT SUMMERS, ASSISTANT DIRECTOR

EXHIBIT I

FILED
JAN 09 2007

CIRCUIT CLERK

1 of 3

STATE OF ILLINOIS    )
                  ) SS
COUNTY OF LAKE    )

IN THE CIRCUIT COURT OF THE NINETEENTH
JUDICIAL CIRCUIT, LAKE COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS  )
                            )
           vs.             ) GEN NO. 04 CF 3749
                            )
    DARRYL DUNCAN        )
                            )

## O R D E R

This matter coming before the Court on Petitioner's second Pro Se Post-Conviction Petition pursuant to 725 ILCS 5/122-1; the Court having reviewed the Petition, its exhibits and the trial court record, finds as follows:

1. Petitioner was found guilty, after a bench trial, of Unlawful Possession of Stolen Motor Vehicle and sentenced to nine (9) years in the Illinois Department of Corrections. Following the sentencing Petitioner filed a Notice of Appeal.

2. That while the Appeal is pending Petitioner filed his first Pro Se Post-Conviction Petition on November 28, 2005. And on February 17, 2006 the trial court summarily dismissed the Petition.

3. On March 22, 2006 Petitioner filed a Notice of Appeal on the Post-Conviction Petition.

4. On October 3, 2006 Petitioner filed a Motion to withdraw his Appeal which was granted October 11, 2006.

5. Petitioner's claims that his constitutional rights were violated based on the indictment lacking necessary facts to state a charge or failed to prove a criminal

Exhibit I
2 of 3

act was committed is without merit. These issues could have or should have
been raised on appeal and so are waived. <u>People</u> v. <u>Blair</u>, 215 Ill.2d 427,
831 N.E. 2<sup>d</sup> 604 (Supreme Court 2005)

6.    Petitioner's claims of ineffective assistance of counsel are not supported by the
trial court record and do not merit the two-prong test of <u>Washington</u> v.
<u>Strickland</u>, 466 U.S. 668, 680 L. Ed.2d 674, 104 S.Ct. 2052 (1984)
Trial counsel's representation did not fall below an objective standard of
reasonableness and did not prejudice the defendant. These same allegations
were raised in the first Post-Conviction Petition.

7    Petitioner's claims that a fitness hearing should have been ordered are
frivolous and patently without merit. The issue could have or should have been
raised on appeal.

8.    Because this is a successive Post-Conviction Petition the procedural bar of
waiver is an express requirement and only when fundamental fairness so
requires will the strict application of this statutory bar be relaxed. Claims must
meet a "cause and prejudice" test. <u>People</u> v. <u>Pitsonbarger</u>, 205 Ill. 2d 444,
793 N.E. 2d 609, 275 Ill. Dec. 838.
That "cause" refers to any objective factor, external to the defense which
impeded the defendant's ability to raise a specific claim in the initial post-
conviction proceeding, and the deficiency directly affected his ability to raise
specific claims asserted in the second Post-Conviction petition.

9.    That Petitioner has not met the cause and prejudice test for each of the claims
raised in this second Post-Conviction petition.

Exhibit-I
3 of 3

WHEREFORE, the Petitioner has not raised the gist of a constitutional claim.

THEREFORE, the Court hereby summarily dismisses the Petitioner's Second

Post-Conviction Petition.

ENTERED:

*Victoria A. Rossetti*

VICTORIA A. ROSSETTI,
Circuit Judge

Dated at Waukegan, Illinois
this 9th day of January, 2007

Exhibit J

## Memorandum Of Law

1. The first is that requiring even partial payment by someone who cannot afford to pay the filing fee is an unconstitutional burden on the right of access to the courts. It is true, as he argues, that state and federal government, including the judicial branch may not erect arbitrary or unduly onerous obstacles to suit; Bounds v. Smith, 430 U.S 812, 97 S.Ct 1491, 52 L.Ed.2d 72 (1977).

2. It is true that General Order is inconsistent with the Supreme Court's holding in Adkin v. E.I Dupont de Nemours & Co., 335 U.S. 331, 69 S.Ct. 85, 93 L.Ed 43 (1948), that litigant need not be totally destitute to qualify for indigent status under 28 U.S.C § 1915(a) This statute provides; Any court of the US, may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, on appeal therein without prepayment of fees and costs or security thereof, by a person who makes affidavit that he is unable to pay such costs or give security thereof.

1 of 1