IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DARRYL R. DUNCAN,            )
                             )
    Petitioner,              )
                             )
    v.                       )    No. 08 C 777
                             )
JODY HATHAWAY,               )
                             )
    Respondent.              )
                             )

**MEMORANDUM OPINION AND ORDER**[1]

Petitioner Darryl R. Duncan ("Duncan") has brought a petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. For the following reasons, Duncan's petition is denied.

I.

In 2005, following a bench trial, Duncan was found guilty of possession of a stolen motor vehicle and aggravated fleeing from police. He was sentenced to a nine year prison term. Notices of appeal were filed both before and after a timely motion to reconsider the sentence was heard. Those appeals were consolidated and Paul Rogers ("Rogers") from the Appellate Defender's Office was appointed as counsel for purposes of Duncan's direct appeal.

---

[1] Mr. Duncan's petition named Gregory C. Sims, warden of Taylorville Correctional Center ("Taylorville"), as the respondent. On October 9, 2008, petitioner was released from Taylorville on parole, but was subsequently taken back into custody for a parole violation. (*See* Docket # 28-30.) Mr. Duncan is currently residing at Shawnee Correctional Center. (Dkt. # 44.) Accordingly, the proper respondent is Jody Hathaway, petitioner's current custodian. *See Hogan v. Hanks*, 97 F.3d 189 (7th Cir. 1996).

On direct appeal, Rogers raised two issues: 1) the trial court erred by not ordering a fitness hearing prior to sentencing in light of Duncan's history of mental health issues, and 2) Duncan's 235 days in custody were not properly credited for sentencing purposes. Shortly after Rogers filed the appeal brief, Duncan sent Rogers a draft appellate brief of his own, which raised a host of additional claims. Rogers felt the additional claims were meritless and refused to supplement his brief. He sent Duncan a letter, dated October 16, 2006, in which he explained his reasons for refusing to file the requested claims and further advised Duncan that the appellate court would not allow a *pro se* supplemental brief because Duncan was already represented by counsel. Rogers advised Duncan that if he wished to pursue the additional claims on direct appeal, he should discharge the Appellate Defender's Office and either represent himself or hire a private attorney.

Disregarding Rogers' advice, Duncan moved for leave to file a supplemental brief with the appellate court on October 19, 2006. Along with his motion, Duncan attached his *pro se* brief, Rogers' October 16, 2006 letter, and a cover letter in which he requested newly appointed appellate counsel. Duncan's motion and request for newly appointed appellate counsel were summarily denied on December 5, 2006, but Duncan did not discharge the Appellate Defender's Office as advised by Rogers. Months later, the trial court judgment was affirmed and the mittimus was corrected to reflect the

235 days Duncan spent in custody prior to sentencing. The appellate court found no bona fide doubt as to Duncan's fitness and no abuse of discretion in the trial court's decision not to order a fitness examination. Duncan filed a *pro se* petition for leave to appeal ("PLA") that decision to the Illinois Supreme Court on July 13, 2007, which was denied.

Meanwhile, during the early pendency of Duncan's direct appeal, Duncan filed a *pro se* post-conviction petition contending that there was no probable cause for his arrest, that his trial counsel was ineffective, and that the judge violated Duncan's due process rights.[2] The petition was summarily dismissed, the court stating that the alleged claims were frivolous, patently without merit, and did not "raise the gist of a constitutional claim." (Ex. C.) Duncan appealed the decision and Rogers, the same attorney representing Duncan on direct appeal, was appointed to represent him.

In September of 2006, Rogers filed a motion to withdraw from representation for purposes of the post-conviction appeal pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), but before the *Finley* motion was decided, Duncan moved *pro se* to withdraw his post-conviction petition and to strike the related appeal. The motion to withdraw could not be granted because judgment on the petition had already been entered and an appeal had already been

---

[2] This last claim essentially alleges that the judge did not properly apply procedural rules and failed to grant Duncan a directed verdict in his favor despite the evidence. (Ex. B at 2.)

filed, so the appeal was dismissed instead.  No further action was taken on the petition.[3]

Then, on December 26, 2006, after Duncan's request to submit a *pro se* supplemental direct appeal brief and his request for new appellate counsel on direct appeal were denied, he filed a second *pro se* post-conviction petition, this time alleging that 1) his indictment was invalid, 2) there was insufficient evidence of his guilt, 3) the trial court should have ordered a fitness hearing, and 4) he received ineffective assistance of trial counsel.  The successive petition was dismissed as procedurally barred but the court also made specific findings on Duncan's claims.  Duncan appealed and Rogers was appointed to represent him for a third time.

Again, Rogers filed a *Finley* motion requesting that he be allowed to withdraw from representing Duncan in his post-conviction appeal.  In the motion, Rogers argued that any appeal would be frivolous because Duncan did not obtain leave to file his second post-conviction petition as required by Illinois law. *See* 725 ILCS 5/122-1(f)(2006).  Duncan responded to the motion, arguing that he did not follow the proper procedure for successive petitions due to his history of mental illness.  He asked that the *Finley* motion be denied and that Rogers be made to "do his job," or, in the

---

[3] Copies of Rogers' first *Finley* motion, Duncan's motion to withdraw/strike his appeal, and the resulting order were not included in the exhibits filed with respondent's answer. However, this sequence of events is described in Rogers' second *Finley* motion discussed *infra*. (*See* Resp. Ex. M, ¶¶ 4-6.)

alternative, that the court vacate his sentence.  Duncan raised a number of ineffective assistance of appellate counsel claims in his response brief, but the appellate court did not address them. Rogers' *Finley* motion was granted and the trial court's dismissal of Duncan's petition was affirmed based solely on the fact that it was successive and procedurally barred.  Duncan did not file for leave to appeal that decision to the Illinois Supreme Court.

In his habeas petition, Duncan raises the following issues:

(1) his due process rights were violated because there was insufficient evidence of his guilt in that:

    (a) the evidence presented involved two different van models;

    (b) he was not in the van when arrested;

    (c) his fingerprints were not found in the van;

    (d) he was not positively identified in a line-up;

(2) two witnesses were allowed to testify even though they were not on the State's witness list;

(3) the indictment was invalid because it lacked specific details about the crimes charged;

(4) there was no probable cause for his stop or arrest;

(5) appellate and trial counsel were ineffective for failing to:

    (a) argue that the evidence involved a van different from the one than he was accused of stealing;
    (b) raise the issue of the State's use of allegedly perjured testimony;
    (c) argue that petitioner's sentence was based on improper factors and that the mittimus was not properly corrected; and
    (d) present the case properly at trial.[4]

---

[4] On April 24, 2008, I ordered plaintiff to show cause why his petition should not be dismissed for failure to exhaust state

II.

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court can only grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Further, "[e]rrors of state law in and of themselves are not cognizable on habeas review. The remedial power of a federal habeas court is limited to violations of the petitioner's federal

---

court remedies. The substantive portions of plaintiff's memorandum and reply brief on that issue are essentially copies of his direct appeal PLA. (*Compare* Reply, pp. 2-15, *with* Memorandum, pp. 5-18 and PLA, pp. 5-17.) I do not address issues raised in these filings that were not presented in plaintiff's habeas petition. *See Johnson v. Hulett*, 574 F.3d 428, 433 (7th Cir. 2009)(argument not raised in habeas petition is waived).

rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *Perruquet v. Briley*, 390 F.3d 505, 511-12 (7th Cir. 2004) (internal citations omitted).

In addition to this deferential standard, a federal court may generally grant a petition for a writ of habeas corpus only where "the applicant has exhausted the remedies available in the courts of the State" and where the applicant has not procedurally defaulted his claims. 28 U.S.C. § 2254(b)(1)(A); *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). These limitations are intended to allow state courts a fair opportunity to hear and act on a petitioner's claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999).

Procedural default may occur where the petitioner did not comply with state procedural requirements during his appeals in state court such that the state court found those failures to be an "independent and adequate" state law ground for denying his claim. *Coleman v. Thompson*, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). When a state court relies on a state procedural ground to avoid reaching the merits of a petitioner's claim, that ground must be clearly and expressly relied upon and must be firmly established and regularly followed. *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000).

Further, to avoid procedural default, a petitioner must at a minimum, "invok[e] one complete round of the State's established

appellate review process" for each of his claims. *O'Sullivan*, 526 U.S. at 845, 119 S.Ct. 1728. In Illinois, this means one full round of appeals up to and including the filing of a petition for leave to appeal to the Illinois Supreme Court. *Id*. at 845-46, 119 S.Ct. 1728; *see also Lewis*, 390 F.3d at 1025 (requiring a claim to be raised through one full round of appeals, either on direct appeal of the petitioner's conviction or through post-conviction proceedings, to avoid procedural default).

III.

Respondent contends that claims two and four are not cognizable on habeas review and the remaining claims are procedurally defaulted. Duncan does not respond to these arguments, but instead submits what is essentially a copy of his direct appeal PLA in reply. For the following reasons, I agree with the respondent and dismiss Duncan's petition.

A. Non-Cognizable Claims

First, in claim two, Duncan contends that there was no probable cause for Duncan's stop and arrest, thereby depriving him of his right to be free from unreasonable seizures as guaranteed by the Fourth Amendment. In *Stone v. Powell*, 428 U.S. 465 (1976), the Supreme Court explained that so long as the state provides a "full and fair" opportunity to litigate a Fourth Amendment claim such that (1) the petitioner was allowed to present the claim; (2) the state court thoroughly analyzed the facts; and (3) the state court looked to accurate precedent to decide the claim, it is not

cognizable in federal habeas proceedings. *Id*. at 482; *Miranda v. Leibach*, 394 F.3d 984, 997 (7th Cir. 2005).

Here, after review of the trial record and Duncan's petition, the first post-conviction court found that Duncan's probable cause claim did not present a valid constitutional claim and was forfeited because it could have been raised on appeal:

> Petitioner's claim that no probable cause was proven for the stop/arrest of Petitioner is frivolous and patently without merit. The Petitioner filed a Notice of Appeal and the Appellate Defender was appointed to represent him. This issue could have been raised on appeal and does not present the gist of a valid constitutional claim.

(Ex. C, Order p. 2.)(citations omitted). Duncan initially appealed the post-conviction court's decision, but later moved to withdraw the appeal, resulting in its dismissal. Because Duncan had the required full and fair opportunity to present his claim to the state courts, his claim is not cognizable on habeas review. *Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008).

Moreover, instead of appealing the post-conviction decision denying his claim on the merits, Duncan added this claim to his *pro se* appellate brief and PLA on direct appeal. Those filings were never considered because leave to file the *pro se* appellate brief and PLA were both denied. Accordingly, the first, last, and only state court judgment on this claim is the first post-conviction court's decision. Duncan's attempt to re-litigate this claim on direct appeal, without pursuing appeal in post-conviction proceedings, is of no consequence. A petitioner cannot simply "opt

out of the state review process because he is tired of it or frustrated by the results he is getting." *Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995). Although petitioners are not required to pursue their claims through the post-conviction process if such pursuit would be futile, once the process is started it must proceed through a full round of state court review. *Cawley*, 71 F.3d at 694; *Jenkins v. Gramley*, 8 F.3d 505, 508 (7th Cir. 1993); *Bennet v. Bartley*, No. 07 C 1975, 2008 WL 4866169, at * 3 (N.D. Ill. June 23, 2008). Accordingly, Duncan's probable cause claim is also procedurally defaulted.

Next, in claim four, Duncan contends that two witnesses were allowed to testify at trial even though their names were not included on the witness list and that this was "not a legal thing to do." (Petition p. 7.) His allegations of unfairness are not pointed at the testimony provided and do not suggest any unfair surprise or prejudice at trial. In fact, Duncan acknowledges that one witness testified in his favor and the other witness provided a copy of the van title and neutral testimony regarding the registration and insured status of the van. (Reply p. 12-13.) Duncan's only complaint seems to be the simple fact that the two witnesses were allowed to testify at all. But this alleged error is one of state law, which is not cognizable in habeas proceedings. *See Perruquet v. Briley*, 390 F.3d 505, 511-12 (7th Cir. 2004) (internal citations omitted)("The remedial power of a federal habeas court is limited to violations of the petitioner's federal

rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene."); *see also, McBride v. Sharp*, 25 F.3d 962, 972 (11th Cir. 1994)(habeas claim not cognizable where victim was allowed to testify when prosecution did not put her name on witness list).

B.  Procedurally Defaulted Claims

To start, I address one of the general arguments made by respondent in support of its position that the remaining claims are procedurally defaulted. Respondent concludes that the appellate court's decision to deny Duncan leave to file his *pro se* direct appeal brief was an independent and adequate state law ground barring the issues raised therein from habeas review.[5] While that argument is credible in light of the circumstances, the appellate court's decision does not expressly provide its basis for denying the motion. *See Gray v. Hardy*, 598 F.3d 324, 329 (7th Cir. 2010)(noting that state court's clear and express statement that its judgment rests on a state procedural bar makes claim unavailable for collateral review). Without a clear and express

---

[5] Respondent distinguishes *Kizer v. Uchtman*, 165 Fed. Appx. 465 (7th Cir. 2006), in coming to this conclusion. In *Kizer*, a habeas petitioner was not procedurally barred from raising claims of ineffective assistance of counsel and improper comments where the state courts denied his requests to raise them in *pro se* briefs supplementing those already filed by his counsel in post-conviction proceedings. The state never argued and the court did not decide whether the decision to deny a represented petitioner leave to file *pro se* briefs was an independent and adequate state ground precluding consideration of issues raised *pro se* in later habeas proceedings. Moreover, Illinois law on hybrid representation was not raised or discussed in the unpublished, non-precedential opinion.

reason for denying consideration of Duncan's supplemental brief, I cannot conclusively find that it was based on an independent and adequate state procedural ruling. Regardless, claims one, three, and five are procedurally defaulted for other reasons.

First, claim one asserts a violation of due process in that Duncan was convicted on insufficient evidence. Four distinct bases are alleged for this claim, none of which were fully and fairly presented to the state courts. Duncan's first post-conviction petition included a general due process claim, arguing that the judge should have directed a verdict in Duncan's favor because he ignored the evidence and misapplied the law. That claim was found to be frivolous and patently without merit, and Duncan did not pursue his appeal of that decision.

Later, in his successive petition, Duncan again raised a due process argument, this time explaining that the State failed to prove its case because the evidence showed two different vehicles were at issue, Duncan was never in the van, and his fingerprints were not found in the van. Again, Duncan's due process claim was found to be meritless. The successive petition was also dismissed as procedurally barred, and the court's decision was affirmed based solely on the procedural bar.

The fourth basis for Duncan's due process claim, that he was not identified in a line-up, was not specifically presented in either of his post-conviction petitions. And while it was included in Duncan's *pro se* direct appeal brief, it was not raised in the

related PLA.  Because Duncan's due process claim did not proceed through a complete round of state court review either on direct review or in post-conviction proceedings, it is procedurally defaulted.

Claim three, alleging that Duncan's indictment was defective, was presented in Duncan's second post-conviction petition after the appellate court denied him leave to file his *pro se* direct appeal brief containing the same claim.  As already discussed, the court reviewed the claim and denied it both on the merits and because Duncan did not follow Illinois procedure.  That decision was affirmed on appeal based solely on the procedural bar – the merits of Duncan's successive petition were not addressed and no PLA was filed.  Accordingly, claim three is defaulted because it was not pursued through one full round of state court review and it was denied on independent and adequate state law grounds.  *Coleman*, 501 U.S. at 729-30; *Cawley*, 71 F.3d at 694.

Duncan's final claim for habeas relief is premised on ineffective assistance of trial and appellate counsel and, liberally construed, includes the four specific grounds noted above.  An ineffective assistance of trial counsel claim was raised in Duncan's first post-conviction petition, but of the grounds presented in his habeas petition (all of which were known to Duncan at the time he filed his post-conviction petition), only ground (d) was included therein.  Finding no merit to Duncan's claim, the post-conviction court explained that Duncan's allegations were

contradicted by the trial record, were unsupported by the evidence submitted with Duncan's petition, and that trial counsel's decisions were matters of trial strategy. (Ex. C, 2.) Further, the decision found Duncan's representation did not fall below an objective standard of reasonableness and that he was not prejudiced. *Id.*

Grounds (a) and (c),[6] first specifically raised in Duncan's successive post-conviction petition, were also found to be without merit and procedurally barred. The court explained that Duncan's claim was unsupported by the record, and that trial counsel's representation did not fall below an objective standard of reasonableness and did not cause any prejudice. Again, this decision was affirmed based solely on the procedural bar and no PLA was filed. And ground (b), first mentioned in Duncan's *pro se* appellate brief on direct appeal, was not included in his subsequent PLA on direct review. Accordingly, none of these claims made it through one full round of state court review and are therefore procedurally defaulted.

With respect to Rogers, none of the cited grounds for his alleged ineffectiveness were presented on direct review or in

---

[6] While general allegations of improper sentencing were made in various filings, Duncan did not make any specific allegations about improper correction of the mittimus until the response to Rogers' second *Finley* motion and, loosely interpreted, his direct appeal PLA. Although procedurally defaulted, this claim is also meritless. Time in custody for purposes of correction of the mittimus was calculated through May 31, 2005. Duncan's calculations include time in custody calculated through June 8, 2005. I see no error in the 235 day credit requested by Rogers and affirmed by the appellate court. (Ex. A, 29; Ex. D, 10; Ex. J, 8.)

either post-conviction petition. Accordingly, claim five as to Rogers is procedurally defaulted. *See Lewis v. Sternes*, 390 F.3d 1019, 1031 (7th Cir. 2004). However, respondent also reads the habeas petition to include a claim for ineffective appellate counsel based on Rogers' failure to file an ineffective trial counsel claim. Assuming the petition includes such a claim, it is likely procedurally defaulted.

Illinois courts have held that claims of ineffective assistance of appellate counsel are properly adjudicated in proceedings on petition for post-conviction relief. *See Lemons v. O'Sullivan*, 54 F.3d 357, 360-61 n.2 (7th Cir. 1995)(citing Illinois cases). Here, the first time any allegation of ineffective appellate counsel is mentioned in post-conviction proceedings is in Duncan's response to Rogers' second *Finley* motion. Issues raised for the first time in this manner are not fairly presented to the state courts. *Lewis v. Sterns*, 390 F.3d 1019, 1031-32 (7th Cir. 2004)(finding petitioner does not fully and fairly present federal claim to state courts where claim is raised for first time in response brief to a *Finley* motion on appeal). However, respondent does not address the impact of Duncan's request for newly appointed appellate counsel on direct appeal or allegations of ineffective appellate counsel in Duncan's direct review PLA, so I address the merits of this claim.

A review of the stated reasons for not pursuing Duncan's supplemental claims on direct appeal (found in Rogers' October 16,

2006 letter) shows that his decision was not objectively unreasonable. (Ex. E, 2-3.); *see also Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984) (to succeed on an ineffective assistance of counsel claim, petitioner must prove both that (1) his counsel's performance fell below "an objective standard of reasonableness," and (2) "there is a probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"); *Martin v. Evans*, 384 F.3d 848, 851-52 (7th Cir. 2004)(appellate counsel is not required to raise every non-frivolous issue on appeal). In fact several of the proposed supplemental claims, including Duncan's claim for ineffective assistance of trial counsel, had already been presented in post-conviction proceedings and were found meritless.

Moreover, in his letter to Duncan, Rogers advised an alternative course of action - Duncan's claims could be considered by the appellate court on direct review if he were to discharge the Appellate Defender's Office and either proceed *pro se* or hire private counsel. Duncan chose to ignore this advice and file his supplemental brief *pro se* along with a request for newly appointed appellate counsel. (Ex. E at 1.) When his brief was refused and the request for new counsel was denied as predicted, Duncan did not discharge Rogers as advised. Instead, he improperly filed a successive *pro se* post-conviction petition, which, like his first petition, alleged ineffective assistance of trial counsel but did

not contend that Rogers' assistance was ineffective. In sum, there is simply no support for Duncan's claim that Rogers' assistance fell below constitutionally required levels.

In sum, all of Duncan's claims are either not cognizable on habeas review, procedurally defaulted, or meritless.

IV.

Federal courts may review defaulted claims only if: (1) the petitioner shows cause for failure to raise the claim, and actual prejudice resulting therefrom; or (2) refusal to consider the defaulted claim would result in a fundamental miscarriage of justice, where a constitutional violation has resulted in the conviction of one who is actually innocent. *See Edwards v. Carpenter*, 529 U.S. 446, 120 S. Ct. 1587, 1591, 146 L.Ed.2d 518 (2000); *Rodriguez*, 193 F.3d at 917 (citing cases).

The Supreme Court has defined cause sufficient to excuse procedural default as "some objective factor external to the defense" which precludes petitioner's ability to pursue his claim in state court. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L.Ed.2d 397 (1986). Here, Duncan essentially contends he defaulted because he has a history of mental illness, he is indigent, and Rogers' ineffective assistance. (Petition p. 3-4.) None of these reasons suffice as cause for procedural default.

First, the Seventh Circuit has determined that neither mental illness nor *pro se* status are cause to excuse procedural default. *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). In addition,

Duncan had no right to counsel in pursuing his post-conviction petitions and subsequent appeals, so any error by counsel that led to a default of his theories in those proceedings does not constitute cause to excuse his default. *See Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991). Moreover, for ineffective assistance of appellate counsel to serve as cause for a default, such a claim must have been independently presented to the state courts by the petitioner. *Dellinger v. Bowen*, 301 F.3d 758, 766-67 (7th Cir. 2002)(to rely on ineffective assistance as cause for procedural default, petitioner must properly raise independent claim for ineffective assistance in state court). Because Duncan's claims of ineffective appellate counsel are either defaulted or are meritless, they do not support cause for excusing the default of Duncan's remaining claims. Since Duncan cannot establish cause for his procedural default, I need not address prejudice. *Id*.

Without cause, a "defaulted claim is reviewable only where a refusal to consider it would result in a fundamental miscarriage of justice." *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001). This relief is limited to situations where the constitutional violation has probably resulted in a conviction of one who is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L.Ed.2d 808 (1995). To show "actual innocence," Duncan must present clear and convincing evidence that no reasonable juror would have convicted him if not for the alleged violation. *Id*.

Duncan's brief includes self-serving statements that he is innocent and a few pieces of neutral "evidence," all of which were available at trial and none of which establish that but for the alleged errors he would have been acquitted. The record shows Duncan was seen driving the stolen van and, when the police attempted to stop him, he led them on a high-speed chase during which he ran several stop signs and red lights before fleeing the van on foot. Thus, Duncan fails to demonstrate that he fits within the "miscarriage of justice" exception necessary to overcome his procedural defaults.

V.

For the foregoing reasons, Duncan's habeas petition is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Date: August 11, 2010